2 U.S. 335 (____)
2 Dall. 335
The UNITED STATES
versus
The INSURGENTS of Pennsylvania.
Supreme Court of United States.

*341 PETERS, Justice:
I have considered the objections made to the pannels, and do not conceive these objections relevant.
Although in ordinary cases it would be well to accommodate our practice with that of the State, yet the Judiciary of the United States should not be fettered and controuled in its operations by a strict adherence to State regulations and practice. But I see not that in a liberal view and construction of the laws of the United States, on this subject, a rigid adherence to all the local and conomical regulations of the State, is directed or necessary. It should seem, that the most pointed reference was had to the designation and qualification of jurors, 2nd not to the exact numbers of which the pannel should consist. The Legislature of a State have in their consideration a variety of local arrangements, which cannot be adapted to the more expanded policy of the nation. It never could have been in the contemplation of Congress, by any reference to State regulations, to defeat the operation of the national laws. Now, there are cases, which have been stated, in which some of the criminal laws of the United States may be rendered impracticable, by an adherence to the rule of numbers prescribed as to jurors, in criminal cases, by the State law; and especially if there must be but one pannel, as has been contended. Yet, the most substantial requisites, to wit, the qualifications of jurors and mode of selection, may be adhered to. As to the clause in the law of the United States, directing, that "the laws of the States (with great exceptions) shall be regarded as rules of decision, in trials at common law in the Courts of the United States," I do not think it applies to the case before us.
All the arguments founded on the inconveniences to the defendants, if in this case particularly any such exist (of which I much doubt) weigh lightly when set against the delays and obstructions which the objection would throw in the way of the execution of the laws of the nation.
PATTERSON, Justice:
The objections that have been suggested on this occasion, are principally founded on the 29th section of the judicial act of Congress, which refers the Federal Courts to the State laws, for certain regulations respecting juries. But the words of this reference are clearly restricted to the mode of designating the jury, by lot, or otherwise; and to the qualifications which are requisite for jurors; according to the laws and practice of the respective States. Since, therefore, the act of Congress does not itself fix the number of jurors; nor expressly adopt any State rule for the purpose, it is a necessary consequence that the subject must depend on the common law; and, by the common law, the Court may direct any number *342 of jurors to be summoned, on a consideration of all the circumstances under which the venire is issued. There are instances, indeed, where five juries have been summoned upon a trial for High Treason, in order that, after the allowance of the legal challenges, a competent number might still be ensured. In the present instance, the precept requires the Marshall to return at least 48 jurors; and he has not, in my opinion, been guilty of any excess, in the exercise of that discretion for returning a greater number, with which he is legally invested.
Neither is the mode of making his return justly exceptionable. As the act of Congress directs that 12 jurors shall be summoned from the County, in which the offence was committed, I cannot conceive any more proper, or more legal, way of proceeding, than by issuing a venire in each case; and then there must, of course, be a separate pannel returned, in conformity to every writ. Thus, likewise, the act of Congress and the State act have been reconciled, and both put into operation; 12 jurors being returned in pursuance of the former, and 60 jurors being returned in pursuance of the latter, law.
With respect to the objection, that a copy of the caption of the indictment has not been furnished to the prisoners, it may be observed, that, although the practice of Pennsylvania has been different, yet, the caption and the indictment seem naturally to form but one instrument; and copies of both should, therefore, be delivered under the provisions of the act of Congress. There can be little inconveniency in adopting this rule; and it is calculated to avoid much difficulty and controversy.
The objection, that the place of abode of the jurors and witnesses, has not been sufficiently designated, in the lists furnished to the prisoners, is, likewise, in our opinion, a valid one. The object of the law was to enable the party accused to prepare for his defence, and to identify the jurors who were to try, and the witnesses who were to prove, the indictment against him. It is contrary to the spirit and intent of such a provision, that the whole range of the State, or of a County, should be allowed, as descriptive of a place of abode; and it is the duty of the Judges so to mould the practice and construction of statutes, as to render them reasonable and just. With regard to the place, therefore, we think the townships in which the jurors and witnesses respectively reside, should be specified; but the act of Congress does not require a specification of their occupations, and the niceties of the State act, are not, in that respect, incorporated into the Federal system.
In consequence of this decision, the trials were suspended, in order to give the Attorney of the District the three days required by the act of Congress, for delivering to the prisoners, amended copies of the caption and indictment, and of the lists of jurors and witnesses.