2 U.S. 365 (____)
2 Dall. 365
KETLAND, qui tam.
versus
The CASSIUS.
Supreme Court of United States.

*366 Lewis, for the informant.
*367 PETERS, Justice:
The language of the act of Congress is so forcible, to vest an exclusive jurisdiction in the District Court, that the impression on my mind can never be obviated, but by something equally authoritative, direct, and conclusive. The argument which has been opposed to this language, merely consists of flight analogies, doubtful implications, and unsatisfactory deductions, from a comparative view of different sections of the law. To take jurisdiction, however, in any case, the court ought to be clearly of opinion, that the constitution and the law intended to give it; but here, the words will hardly admit a doubt upon the intention of the legislature, to exclude the jurisdiction of the Circuit Court; and, therefore, we can have no pretence whatever to sustain the present information.
I have uniformly affixed this construction to the law. In the case of the United States, v. Guinet, for being concerned in illegally fitting out a French privateer, the party was arrested, *368 and some cannon and other articles were seized. I then, upon full consideration, directed that the information in rem, to inforce the forfeiture of the cannon, should be instituted in the District Court; but I bound the defendant over to the Circuit Court, to answer personally for the offence.[*]The practice has, I believe, been conformable to this precedent: Forfeitures under the Excise laws have certainly been sued for, without exception, in the District Court, upon the general jurisdiction given by the judicial act, and not upon any special jurisdiction created for that purpose.
WILSON, Justice:
The Court is bound to take notice of a question of jurisdiction, whenever it may occur, and however it may be proposed: For, if we are satisfied, that we have not legal cognizance of any cause;  or, in terms less direct, if we are not satisfied, that we have cognizance; we ought not to proceed to a decision, or an investigation, upon its merits.
In the present instance, it is a question of great importance, and, perhaps, of some difficulty; but the strong bias of my mind, (which encreases, indeed, with every moment's reflection upon the subject) is opposed to the alledged jurisdiction of the court. It is supposed by the counsel for the informant, that the jurisdiction is maintainable on the positive words of the 11th section, and on a fair implication resulting from a view of the 21st and 22d sections of the judicial act: For, it is said, if the Court has not original jurisdiction, by the 11th section, it can have no jurisdiction at all; since its appellate jurisdiction, established by the 21st and 22d sections, is confined to civil causes. But the jurisdiction, in the case of crimes and offences, obviously relates to prosecutions against persons; and when viewed in that light, neither the positive words of the 11th section, nor any implication resulting from the 21st and 22d sections, can be applicable to the present cause, which is not described by the former, nor affected by the latter: to take cognizance of a proceeding merely in rem, cannot be considered as taking cognizance of a crime or offence.
When, however, we advert to the jurisdiction given to the District Court, every shadow of doubt seems to vanish. The 9th section of the act declares, that "the District Court shall have exclusive original cognizance of all suits for penalties and forfeitures, incurred under the laws of the United States." The exclusion is expressed in strong and unqualified terms; nor can it, by any reasonable interpretation, be restricted to a mere exclusion of the State Courts. Wherever, indeed, a qualified exclusion is intended, the expression of the legislature corresponds with that intention. Thus, it is provided, in two different *369 members of the very same section, that the District Court shall have, "exclusively of the Courts of the several States," cognizance of all crimes and offences, committed upon the high seas, &c. and of suits against Consuls or Vice Consuls. But, if the construction, which I have stated, is correct, no contradiction exists, to call for any strained exposition of the law. The jurisdiction given to the Circuit Court, whether exclusive, or concurrent, will be supported by applying it to prosecutions against delinquents for crimes and offences; and the exclusive jurisdiction given to the District Court will be preserved by allotting to it all suits for penalties and forfeitures under the laws of the United States. Whether, therefore, this is a suit for a forfeiture, appears, upon the whole, to be the only real object of enquiry. We think that it is a suit of that denomination; and, consequently, cannot take cognizance of it.
But the subject is entitled to the most solemn consideration, and the most authoritative judgment. We shall be happy, therefore, to assist in putting it upon any proper footing, to obtain the opinion of the Supreme Court. In the meantime,
BY THE COURT:  Let the information be dismissed.[*]
NOTES
[*] See art. p. 321. United States v. Guinet.
[*] Lewis doubted whether a Writ of Error would lie for want of parties, as the French Republic had refused to file a claim to the vessel; and, he said, that he was prepared to contend, that the suggestion filed ex officio by the Attorney of the District, ought to be dismissed. The next day, he mentioned, that presuming the decision against the jurisdiction of the Circuit Court, was, in effect, a recognition of the jurisdiction of the District Court, he should resort to that tribunal, without giving this Court (who had deferred pronouncing their decision, in order that he might consider the matter) any further trouble.