EVANS, *qui tam, &c.,* v. BOLLEN.

*Jurisdiction.—Penal action.*

The circuit court cannot take original cognisance of a suit for a penalty incurred by an offence against the laws of the United States: if the offence was committed within a state, it must be tried in such state.·

THIS was *qui tam* action, in which the following declaration was filed :

October Session, 1797.
In the Circuit Court of the United States for the Pennsylvania District, of the Middle Circuit.

District of Pennsylvania, ss.

George Bollen, late of the district of Pennsylvania, yeoman, was summoned to answer to the United States and to John Evans, who sues in this behalf, as well for the said United States as for himself, of a plea that he rendered to the said United States, and to the said John, who sues as aforesaid, the sum of $2000, which to them he owes, and from them unjustly detains : and whereupon, the said John, who sues in this behalf, as well for the said United States, as for himself, by Joseph Thomas, his attorney, saith, that the said George, on the first day of April, in the year of our Lord 1797, at the port of New York, to wit, at the district aforesaid, was aiding and abetting, in preparing and sending away from a port within the said United States, to wit, from the port of New York, a certain vessel called the Betsey, intending that the same should be employed for the purpose of procuring from a foreign country, to wit, from the coast of Africa, the inhabitants of such foreign country, to be transported to a foreign country, to wit, to the island of Saint Croix, to be disposed of as slaves, against the form of the statute in such case made and provided ; by means whereof, *and by force of the statute in such case made and provided, an action hath accrued to the said John, who sues in this behalf, as well for the said United States, as for himself, to have and demand of and from the said George, the said sum of $2000 : yet the said George (although often requested) hath not paid the said $2000, or any part thereof, to the said John, who in this behalf sues for the United States as well as for himself, but the same to him to pay hath hitherto wholly refused, and still doth refuse, to the damage of the said John, who sues as aforesaid, $500.   And thereof he brings suit, &c.

Pledges, &c. ⎰ JOHN DOE.
⎱ RICHARD ROE.

JOSEPH THOMAS, attorney for plaintiff.

The action was founded on the act of congress, " to prohibit the carrying on the slave trade, from the United States to any foreign place or country " (1 U. S. Stat. 347), of which the following were the material sections, in the discussion :

Sect. 1. " That no citizen or citizens of the United States, or foreigner, or any other person coming into, or residing within the same, shall, for himself or any other person whatsoever, either as master, factor or owner, build, fit, equip, load or otherwise prepare any ship or vessel, within any port or

_____
[1] The Cassius, 2 Dall. 365; Hall *v.* Warren, 2 McLean 382.

Evans v. Bollen.

place of the said United States, nor shall cause any ship or vessel to sail from any port or place within the same, for the purpose of carrying on any trade or traffic in slaves, to any foreign country ; or for the purpose of·procuring, from any foreign kingdom, place or country, the inhabitants of such kingdom, place or country, to be transported to any foreign country, port or place whatever, to be sold or disposed of as slaves : and if any ship or vessel shall be so fitted out as aforesaid, for the said purposes, or shall be caused to sail, so as aforesaid, every such ship or vessel, her tackle, furniture, apparel and other appurtenances shall be forfeited to the United States ; and shall be liable to be seized, prosecuted and condemned in any of the circuit courts or district court for the district, where the said ship or vessel may be found and seized.

Sect. 2. "That all and every person, so building, fitting out, equipping, loading or otherwise preparing or sending away, any ship or vessel, knowing, or intending, that the same shall be employed in such trade or business, contrary to the true intent and meaning of this act, or any ways aiding or abetting therein, shall severally forfeit and pay the sum of $2000; one moiety thereof to the use of the United States, and the other moiety thereof to the use of him or her who shall sue for and prosecute the same."

*The facts were proved, as stated in the declaration, but the defendants counsel made two objections to the jurisdiction of the court : [*344 1st. That this was a suit under the second section, and the circuit court could not take original cognisance of a case of penalty or forfeiture, as the judicial act expressly declared, that the district court should have " exclusive original cognisance of all suits for forfeitures and. penalties incurred under the laws of the United States." (1 U. S. Stat. 76, § 9.) 2d. That the offence was committed in the state of New York ; and ought to be tried there, upon the principles of the common law, adopted by the constitution of the United States, and various acts of congress. Const. Art. III., § 2 ; Amend. Const. Art. VIII., IX.; 4 Black. Com. 350 ; 3 Ibid. 359, 360 ; 2 Dall. 335.

It was agreed, that a verdict should be given for the plaintiff, subject to the opinion of the court on these points ; and after argument, by *E. Tilghman*, for the plaintiff, and *Levy*, for the defendant—

THE COURT declared, that they had no **jurisdiction of the** cause ; and directed a *non-pros.* to be entered.