UNITED STATES v. MOONEY.

*(Circuit Court, D. Massachusetts. May 2, 1882.)*

PENALTIES—FALSE INVOICES—JURISDICTION.

The district courts have exclusive jurisdiction of all actions of penalties and forfeitures under the customs laws; and the act of March 3, 1875, § 1, does not confer jurisdiction in such cases on the circuit courts.

*The U. S. Attorney*, for plaintiff.

*Chas. Levi Woodbury*, for defendant.

LOWELL, C. J. Action at law by the United States to recover $20,000 penalties alleged to have been incurred by the defendant in an importation of goods from Canada by means of false invoices. The defendant moves to dismiss the suit for want of jurisdiction in the circuit court to entertain it. The government relies on the statute of March 3, 1875, c. 137, § 1, (18 St. 470,) "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law, or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states," etc.

This language, in its terms, includes this case, because the suit is of a civil nature, at common law, and the United States are the plaintiffs; nevertheless, I am of the opinion that the circuit court has no jurisdiction of it. Down to 1875 it is admitted that the district courts had exclusive cognizance of all suits for penalties and forfeitures under the customs laws. The judiciary act of 1789, § 11, (1 St. 78,) is, in its language and its intent, substantially like section 1 of the act of 1875. The latter enlarges the scope of the former in some particulars, but not in its general purport. The judiciary act was comprehensive enough to include actions for penalties in which the United States were plaintiffs; yet it did not include them. That statute, in its ninth section, gave to the district courts exclusive cognizance of all suits for penalties and forfeitures incurred under the laws of the United States, (1 St. 77,) and this modified the scope of the eleventh section. *The Cassius*, 2 Dall. 365; *Evans* v. *Bollen*, 4 Dall. 342. Since that time the circuit courts have received concurrent jurisdiction with the district courts of many suits of a similar nature,

under the laws for the collection of internal revenue, to secure civil rights, to prohibit the slave trade, and many others; and, under the shipping act, it has exclusive cognizance of some cases which would seem to belong more properly to the district courts; but it has not, in so many words, been invested with jurisdiction of suits for penalties and forfeitures under the customs laws. The question is whether this is intended to be included in the grant of 1875.

The Revised Statutes of 1874, § 629, has 20 distinct paragraphs re-enacting the laws which granted original jurisdiction to the circuit courts, of which the first three represent section 11 of the original judiciary act, concerning civil suits between citizens of different states, or aliens and citizens, or where the United States are plaintiffs; the amount in dispute being, in all cases, more than $500. Then follows: (4) All suits at law or in equity, arising under any act providing for revenue from imports or tonnage, except civil causes of admiralty jurisdiction, seizures, and suits for penalties and forfeitures. This is another mode of saying that the jurisdiction of suits for penalties and forfeitures remains exclusively vested in the district courts as before. In the succeeding clauses the jurisdiction given by a great variety of statutes is carefully restated and re-enacted.

If the statute of 1875 were intended to cover the whole ground of jurisdiction, and thus to repeal, by implication, all former laws, and blot out these numerous clauses of the Revised Statutes, it would diminish considerably the province of the circuit courts, while it would enlarge very much that of the state courts. It would limit the circuit courts by confining them, in suits upon patents, copyrights, and a great variety of other cases arising under the laws of the United States, to those in which the matter in dispute exceeds $500. Such a construction, says *McCrary*, C. J., would be disastrous. *Third Nat. Bank of St. Louis* v. *Harrison*, 8 Fed. Rep. 721-2. It would enlarge the powers of the state courts by giving them concurrent cognizance of all such suits where the amount exceeds $500; for a recognition of concurrent jurisdiction is a grant of it, though it may not have existed before. *Postmaster General* v. *Early*, 12 Wheat. 136. I do not mean that congress can confer jurisdiction directly upon the state courts, but if congress creates rights between party and party, the state courts, by the necessity of their organization, are bound to enforce them, unless prohibited.

From these considerations I infer that the broad language of the first section of the act of 1875 was intended to apply to those ordinary suits to which similar words in section 11 of the act of 1789, and in

clauses 1, 2, and 3 of section 629, Rev. St., by their connection and context, were necessarily confined, and was not designed to affect, either affirmatively or negatively, the exclusive jurisdiction of the circuit courts under the various statutes to which I have alluded, nor their concurrent jurisdiction with the district courts under other statutes, nor the exclusive jurisdiction of the district courts of suits for penalties and forfeitures under the customs laws.

In short, the argument is that section 11 of the act of 1789, and its reproduction in the Revised Statutes, included within itself the exception of cases not otherwise provided for by more special and definite provisions; and that the act of 1875 carries a similar limitation, being intended simply to enlarge that part of the jurisdiction conferred by section 11, applying it to more cases, but to cases of a similar character. The restricted meaning attached to the general words by the usage of 86 years is presumed to continue.

Motion to dismiss granted.