## THE SECUNDUS (five cases).

(District Court, E. D. New York. July 8, 1926.)

Nos. 8903, 8948, 8957, 9091, 9297.

**1. International law 🕮10.**

Suggestion claim by consul general of the Republic of France of his country's ownership of libeled vessel *held* insufficient to show lack of jurisdiction on ground of immunity.

**2. International law 🕮10—Foreign government, filing insufficient claim of title to libeled vessel, should not be charged with waiver, but allowed additional time for filing new claim or suggestion.**

Foreign government, filing insufficient suggestion on claim of title to libeled vessel, should not be charged with waiver of jurisdiction, unless by express agreement, but should be allowed additional time within which to present suggestion through proper diplomatic channels.

**3. Ambassadors and consuls 🕮8.**

Consul general is not competent to appear and claim that a seized vessel is immune as belonging to his government, unless specially authorized by his government to do so.

In Admiralty. Libels by the Royal Bank of Canada, by the National Lead Company,

by Berth Levi & Co., Inc., by the American Linseed Company, and by the Linea Sud-Americana, Inc., all against the motorship Secundus, wherein the Republic of France filed a suggestion on claim of title. On exceptions to suggestion on claim of title. Exceptions sustained, and additional time allowed for filing of sufficient suggestion.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Edwin R. Lynde and Alfred E. Smith, of New York City, of counsel), for United States marshal.

Forrest E. Single, of New York City (Horace T. Atkins, of New York City, of counsel), for Royal Bank of Canada.

Burlingham, Veeder, Masten & Fearey, of New York City, for libelants National Lead Co., Berth Levi & Co., Inc., and American Linseed Co.

Bigham, Englar & Jones, of New York City (T. Gatesby Jones and James W. Ryan, both of New York City, of counsel), for libelant Linea Sud-Americana.

Joseph P. Nolan, of New York City, for Republic of France.

Crowell & Rouse, of New York City (E. Curtis Rouse, of New York City, of counsel), for Glamoco Siccardi.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for master of the Secundus.

MOSCOWITZ, District Judge. These are two motions made by the United States marshall for the Eastern district of New York. One is for an order directing the said United States marshal, in whose custody the steamship Secundus now is, to sell the same as perishable. The other motion is to direct the libelants, Royal Bank of Canada, National Lead Company, Berth Levi & Co., Inc., American Linseed Company, Linea Sud-Americana, Inc., Republic of France, Duret, master of the Secundus, and Glamoco Siccardi to deposit funds sufficient to cover the wharfage charges and all administration and other necessary expenses incurred in connection with the custody of the steamship Secundus in the hands of the said United States marshal for the Eastern district of New York.

The Royal Bank of Canada commenced this action by the filing of a libel in the office of the clerk of this court on March 21, 1926, against the motor vessel Secundus, her cargo and freight. Process was duly issued to the United States marshal for this district, whereupon the said vessel and a portion of her cargo was seized, and the vessel is now and has been since such seizure in the custody of the said marshal.

Said action is to recover the amount of a certain bottomry bond given to the libelant by Victor Louis Duret, master of the Secundus, to secure an alleged loan of $25,998.81, made to the master upon the hypothecation of the hull, engines, boilers, equipment, cargo, and freight of said motor ship on May 11, 1926, together with interest, costs, and expenses. On May 21, 1926, said master, on behalf of her alleged owner, made answer to the libel. Messrs. Kirlin, Woolsey, Campbell, Hickox & Keating appeared as proctors for the claimant. The verification to the answer was made by Charles T. Cowenhoven, Jr., Esq., as one of the proctors for the claimant. The verification recites that the "sources of my knowledge and the grounds for my belief as to the matter not stated of my own knowledge are communications received from the claimant and the owner of the vessel." Deposition de bene esse of the said Duret, called on behalf of the claimant, was duly taken. Duret testified that he was master of the Secundus from December 29, 1925, until May 15, 1926, and that the Société Anonyme d' Armaments à Moteurs was the owner of the vessel.

National Lead Company commenced an action by the filing of a libel in the office of the clerk of this court on the 1st of April, 1926, against the said Secundus to recover $85,000 loss claimed on a shipment of merchandise.

Berth Levi & Co., Inc., commenced an action by the filing of a libel in the office of the clerk of this court on the 4th of May, 1926, against the said Secundus to recover $15,000 for damages claimed on a shipment.

The American Linseed Company commenced an action by the filing of a libel in the office of the clerk of this court on the 19th of May, 1926, against the said Secundus to recover $110,000.

Linea Sud-Americana commenced an action by the filing of a libel in the office of the clerk of this court on the 29th of June, 1926, against the said Secundus to recover $300,000 for damages.

The consul general of the Republic of France has filed herein what is designated by him as "Suggestion on Claim of Title to Motor Ship Secundus by the Republic of France," which is as follows:

First, the said motorship Secundus is, and at all times mentioned in the libel filed herein was, the property of the Republic of France; second, the republic of France has

never consented that the said motorship be seized or proceeded against by judicial process, or that the Republic of France be sued in respect thereto; third, in appearing herein the claimant desires to plead and establish the immunity of the said motorship Secundus from seizure or detention under the process of this court, or other subjection thereto, and the freedom of said motorship from all liens, including the lien herein asserted.

Exceptions have been filed to the suggestion on claim of the Republic of France. The exceptions are to the following effect:

That the suggestion and claim are insufficient on their face as suggestions of lack of jurisdiction on the ground of immunity, because they do not object to the jurisdiction: (1) They do not object to the jurisdiction. (2) The consul general of the Republic of France appears generally and prays to defend. (3) The suggestion or special claim is not made through any official channel of the United States government. (4) The special authority of the consul general and the source of his information are not set forth. (5) They do not allege that the Republic of France was in possession of the vessel at the times mentioned in the libels. (6) By appearing generally as an intervener the Republic of France waived all question of jurisdiction.

(B) They are insufficient as claims of immunity, because: (1) They do not set forth the special authority under which the consul general purports to act. (2) They do not allege that the Republic of France was in possession of the vessel at the times mentioned in the libels.

Without waiving the foregoing exceptions, libelants traverse the "suggestion" and "special claim" filed in each of those suits as to the allegations: (1) That the consul general acts under special authority of the government of the Republic of France; (2) that the vessel is, and at all times mentioned in the libels was, the property of the Republic of France.

Exceptions have been filed to the suggestions and claim by the Royal Bank of Canada to the following effect:

First, that the filing of said claim in this court is not the proper way to raise the question of immunity of the motorship Secundus upon the grounds therein set forth; second, that M. Mongendre, consul general of France, is not the proper person to raise a claim to immunity of the said motorship Secundus upon said grounds; third, that the

only way in which a sovereign can raise the question of immunity of its vessels or property to the jurisdiction of our courts is by a suggestion of its minister or ambassador to this country, duly signed, sealed, and attested, and submitted to the Secretary of State of the United States, and by him transmitted to the Attorney General of the United States for submission to this court; fourth, that at the time of the filing of the libel herein the said motorship Secundus was not the property of the Republic of France; fifth, that the motorship Secundus, at the time of the filing of the libel herein and at all the times in said libel mentioned, was being operated as a common carrier of merchandise for hire, and was being operated as a merchant vessel by a private owner, to wit, the Société Anonyme d' Armaments à Moteurs, with its head office at 16 Rue Breteuil, Marseilles, France; sixth, that the said motorship Secundus was not in the possession of the government of the Republic of France at the time of the filing of the libel herein, nor at any time mentioned in said libel.

[1,2] Reliance is placed by the libelants upon the case of Ex parte Muir, 254 U. S. 522, 41 S. Ct. 185, 65 L. Ed. 383. That was a suit in rem against the British steamship Gleneden. After process was issued and the vessel was arrested, the British embassy at Washington submitted through its private counsel to the court a suggestion that jurisdiction over said vessel be declined on the ground that said vessel was in the service of Great Britain. The libelant raised objections, for the reason that the suggestion was not presented through official channels of the United States. In that case the libelants' counsel requested that the British government establish its ownership of said vessel, and the counsel for the British government argued, as is argued here, that the court was bound by the claim of immunity. The Supreme Court decided:

"As of right the British government was entitled to appear in the suit, to propound its claim to the vessel and to raise the jurisdictional question. The Sapphire, 11 Wall. 164, 167 [20 L. Ed. 127]; The Santissima Trinidad, 7 Wheat. 283, 353 [5 L. Ed. 454]; Colombia v. Cauca Co., 190 U. S. 524 [23 S. Ct. 704, 47 L. Ed. 1159]. Or, with its sanction, its accredited and recognized representative might have appeared and have taken the same steps in its interest. The Anne, 3 Wheat. 435, 445, 446 [4 L. Ed. 428]. And, if there was objection to appearing as a suitor in a foreign court, it was open to

that government to make the asserted public status and immunity of the vessel the subject of diplomatic representations, to the end that, if that claim was recognized by the Executive Department of this government, it might be set forth and supported in an appropriate suggestion to the court by the Attorney General, or some law officer acting under his direction. The Cassius, 2 Dall. 365 [1 L. Ed. 418, Fed. Cas. No. 7743]; The Exchange, 7 Cranch, 116 [3 L. Ed. 287]; s. c. 16 Fed. Cas. [85], No. 8,786; The Pizarro, 19 Fed. Cas. [786], No. 11,199; The Constitution, L. R. 4 P. D. 39; The Parlement Belge, L. R. 4 P. D. 129; s. c. L. R. 5 P. D. 197.

"But none of these courses was followed. The suggestion on behalf of the British embassy was presented by private counsel appearing as amici curiæ, and not through the usual official channels. This was a marked departure from what theretofore had been recognized as the correct practice (see cases last cited), and in our opinion the libelant's objection to it was well taken. The reasons underlying that practice are as applicable and cogent now as in the beginning, and are sufficiently indicated by observing that it makes for better international relations, conforms to diplomatic usage in other matters, accords to the Executive Department the respect rightly due to it, and tends to promote harmony of action and uniformity of decision. See United States v. Lee, 106 U. S. 196, 209 [1 S. Ct. 240, 27 L. Ed. 171]. Of course, the suggestion as made could not be given the consideration and weight claimed for it."

Attention has been called to The Pesaro, 255 U. S. 216, 41 S. Ct. 308, 65 L. Ed. 592, in which the Italian ambassador filed a suggestion that the Pesaro was owned by the Italian government. The Supreme Court decided:

"Apart from that suggestion, there was nothing pointing to an absence of jurisdiction. On the contrary, what was said in the libel pointed plainly to its presence. The suggestion was made directly to the court, and not through any official channel of the United States. True, it was accompanied by a certificate of the Secretary of State, stating that the ambassador was the duly accredited diplomatic representative of Italy; but, while that established his diplomatic status, it gave no sanction to the suggestion. The terms and form of the suggestion show that the ambassador did not intend thereby to put himself or the Italian government in the attitude of a suitor, but only to present a respectful suggestion and invite the court to give effect to it. He called it a 'suggestion,' and we think it was nothing more. In these circumstances the libelants' objection that, to be entertained, the suggestion should come through official channels of the United States, was well taken. Ex parte Muir, 254 U. S. 522 [41 S. Ct. 185, 65 L. Ed. 383]. And see United States v. Lee, 106 U. S. 196, 209 [1 S. Ct. 240, 27 L. Ed. 171]. With the suggestion eliminated, as it should have been, there obviously was no basis for holding that the ship was not subject to the court's process. What the decree should have been, if the matters affirmed in the suggestion had been brought to the court's attention and established in an appropriate way, we have no occasion to consider now. An opportunity so to present and establish them should be accorded when the case goes back, as it must. Decree reversed."

[3] The consul general is not competent to appear and claim immunity on behalf of his government unless specially authorized so to do. The Sao Vicente, 260 U. S. 151, 43 S. Ct. 15, 67 L. Ed. 179; The Anne, 3 Wheat. 435, 4 L. Ed. 428. If the Republic of France had filed a suggestion herein by its ambassador through diplomatic channels, this court would not assume jurisdiction of this action. However, the Republic of France or any other foreign government should not be charged with waiver of jurisdiction unless by express agreement, and the decision of this court should not be based upon a technicality as affecting the Republic of France. There is a serious question as to whether or not the Republic of France has properly raised the question of jurisdiction by its alleged suggestion. However, it will be given 60 days within which to present through diplomatic channels a suggestion to this court.

The suggestion of the Republic of France was only filed in this court on the 25th of June, 1926. The vessel has been arrested under these libels since early in March. Any further delay will create further expense. The Secundus will be ordered sold, unless a bond be given.

Settle order on notice.