UNITED STATES of America

v.

**Michael J. O'DRISCOLL**

No. 4:CR–01–277.

United States District Court,
M.D. Pennsylvania.

Oct. 18, 2002.

See, also, 203 F. Supp.2d 334.

Eric Pfisterer, James T. Clancy, U.S. Attorney's Office, Harrisburg, PA, for Plaintiff.

Michael J. O'Driscoll, White Deer, PA, David A. Ruhnke, Ruhnke & Barrett, Montclaire, NJ, Ronald C. Travis, Rieders, Travis, Williamsport, PA, for Defendant.

### ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 21, 2002, a federal grand jury returned a superseding indictment charging Michael J. O'Driscoll with murder in the first degree in violation of 18 U.S.C. § 1111. On September 16, 2002, the government filed a supplemental notice of intent to seek the death penalty. Jury drawing was scheduled to commence in this case on October 8, 2002. On October 7, 2002, O'Driscoll filed a document entitled "Motion, In Light of the Government's Failure to Comply with 18 U.S.C. § 3432, to Dismiss the Aggravating Factors Set Forth in the Superceding (sic) Indictment and in the Government's Supplemental Notice of Aggravating Factors" and a brief in support thereof. The motion and brief were received in our office after 4:30 p.m. 151 potential jurors had been summoned to report on October 8, 2002, 75 in the morning and 76 in the afternoon. It was too late at the time of filing of the motion to attempt to cancel the jurors' summonses.

Section 3432 of Title 18 of the United States Code requires the government to provide a defendant charged with a capital offense "at least three entire days before commencement of trial … a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each veniremen and witness …." In the motion O'Driscoll claims that the government failed to provide him with a witness list in accordance with § 3432 and requests that we dismiss the aggravating factors set forth in the superseding indictment and the government's supplemental notice of intent to seek the death penalty and proceed with this case as a non-capital case if the government chooses to do so.

As a result of the filing of O'Driscoll's motion we directed Deputy Clerk Kuhns to contact counsel and advise them to appear before the court at 9:30 a.m. on October 8, 2002. With regard to the potential jurors scheduled to appear in court at 10:00 a.m. for preliminary instructions and voir dire regarding disability and hardship excuses, the Deputy Clerk was directed to hold them in the jury assembly room until the court determined what action should be taken with respect to O'Driscoll's motion.

At the court session at 9:30 a.m. on October 8, 2002, both sides were asked to take a position as to whether the court could proceed with jury selection in light of O'Driscoll's motion. The government indicated its belief that jury selection could go forward and the issues raised in the motion could be briefed. O'Driscoll concurred with the government's position. We, however, took the position that jury selection could not go forward without the risk of creating reversible error. *See United States v. Crowell*, 442 F.2d 346,

347–48 (5th Cir.1971)(failure to allow defendant benefit of § 3432 plain error); *Amsler v. United States,* 381 F.2d 37, 45 (9th Cir.1967)("Although the defendant Irwin did not raise this question on appeal, the judgment of conviction against him will be reversed on the basis that the failure to allow him the benefits of Section 3432 ... was plain error."). Accordingly, we directed the parties to complete the briefing on the motion, with the government's opposition brief due October 10, 2002, and O'Driscoll's reply brief due on October 15, 2002. We also scheduled oral argument on the motion to take place on October 16, 2002. The parties having fully briefed the issue and oral argument having been held O'Driscoll's motion is ripe for disposition. We note that on October 8, 2002, the government provided O'Driscoll with a list of the witnesses and an amended list of witnesses.

■ A provision similar to § 3432 was originally enacted by Congress in 1790. However, that law only dealt with the capital offense of treason and stated

> any person who shall be accused and indicted of treason, shall have a copy of the indictment, and a list of the Jury and witnesses to be produced on the trial for proving the said indictment, mentioning the names and places of abodes of such witnesses and jurors, delivered unto him at least three entire days before he shall be tried for the same.

Act of April 30, 1790, chap. 9, § 29 (1 Stat. at L. 118). Congress subsequently amended and re-enacted this law as § 1033 of the Revised Statutes which stated as follows:

> When any person is indicted of treason, a copy of the indictment, and a list of the jury, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each juror, and witness, shall be delivered to him at least three entire days before he is tried for the same. When any person is indicted of any other capital offense, such copy of the indictment and list of the jurors and witnesses shall be delivered to him at least two entire days before the trial.

This provision became § 562 of Title 18 of the United States Code.

Section 562 was recodified in 1948 as § 3432 and stated as follows:

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial of proving the indictment, stating the place of abode of each veniremen and witness.

The section was finally brought to its present form on September 13, 1994, by Congress inserting at the end "except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person." See Pub.L. 103–322, Title VI, § 60025, 108 Stat.1982.

The present version of § 3432 of Title 18 of the United States Code states in full as follows:

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each veniremen and witnesses, except that such a list of veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.

Because the government argues that trial for purposes of § 3432 does not commence with jury selection, the first question the court must address is when for purposes of this statute trial commences.

The statute states that "a list of veniremen, and of the witnesses" is to be provided a capital defendant "three entire days before commencement of trial." The purpose of providing a list of veniremen is to provide defense counsel an opportunity to prepare adequately for jury selection. Because a list of veniremen is to be produced along with a witness list, this fact suggests that trial commences with voir dire. We recognize that the wording of the statute does not definitively answer the question before us. Therefore, we have resorted to a review of other statutes and rules, and court cases interpreting those statutes and rules, where similar language was utilized.

Our research has revealed four provisions using language similar to "before commencement of trial." Courts construing that similar language have held that trial commences with jury selection or voir dire. ·

Rule 43 of the Federal Rules of Criminal Procedure states in relevant part as follows:

(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

(1) is voluntarily absent *after the trial . has commenced* . . . .

(Emphasis added.) The Court of Appeals for the Eleventh Circuit in construing the language "trial has commenced" in Rule 43 concluded that "for purposes of [that Rule], a 'trial has commenced' when the jury selection process has begun." *United States v. Bradford,* 237 F.3d 1306, 1309 (11th Cir.2001).

21 U.S.C. § 851(a)(1) states in relevant part as follows:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless *before trial,* or before the entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

(Emphasis added.) In interpreting this provision the Court of Appeals for the Second Circuit held that "the phrase 'before trial' in § 851(a)(1) means before the commencement of jury selection." *United States v. White,* 980 F.2d 836, 842 (2d Cir.1992); *see also United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.1991)(common understanding of lawyers and judges is that a trial includes jury selection).

The Speedy Trial Act, 18 U.S.C. § 3161, provides in relevant part:

In any case in which a plea of not guilty is entered, the *trial* of a defendant charged in an information or indictment with the commission of an offense *shall commence* within seventy days from the filing date (and making public) of the information or indictment . . . .

(Emphasis added.) Numerous courts have held that for purposes of the Speedy Trial Act "trial commences" with jury selection.

*See, e.g., United States v. Manfredi,* 722 F.2d 519, 524 (9th Cir.1983)(trial commences with voir dire).

The federal criminal removal statute, 28 U.S.C. § 1446(c)(1), which authorizes the filing of a petition for removal "before trial," has been construed to include voir dire within the meaning of the term trial. *New Jersey v. Chesimard,* 555 F.2d 63, 65 n. 1 (3d Cir.1977)(in banc); *United States ex rel. Walker v. Gunn,* 511 F.2d 1024, 1026–27 (9th Cir.), cert. denied, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed.2d 72 (1975).

The United States Supreme Court in deciding whether supervision of jury selection was a delegable duty under the Federal Magistrates Act, 28 U.S.C. § 636, held that a defendant prosecuted for a felony has "the basic right to have all critical stages of [his] criminal trial conducted by a person with jurisdiction to preside." *Gomez v. United States,* 490 U.S. 858, 876, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). In *Gomez* the Supreme Court concluded that

jury selection was a critical stage of a trial and a federal magistrate did not have jurisdiction to select a jury. *Id.*; *see also United States v. Aikins,* 946 F.2d 608 (9th Cir.1990)(defendant prosecuted for felony has basic right to have all critical stages of criminal trial, which includes jury selection, conducted by person with jurisdiction to preside).

We conclude in light of the above referenced statutes, rule and cases that for purposes of § 3432 "trial commences" with voir dire. As noted above it is the common understanding of lawyers and judges that trial commences with jury selection. Also, it is worth noting that paragraph 1 of the practice order issued in this case on September 24, 2001, states that "trial will commence with the drawing of the jury . . . ." [1]

The government also argues that jury selection commenced several weeks ago because a juror questionnaire was sent to

---

1. During our research we did discover one opinion issued on June 7, 1880, by the Supreme Court for the District of Columbia, which is contrary to our conclusion. The Supreme Court for the District of Columbia is now the United States Court of Appeals for the District of Columbia. Publication pages were unavailable on WestLaw but in the opinion the Supreme Court stated in relevant part after quoting § 1033 as follows:

This statute is the only law we have upon the subject. In this case it seems by the record that on the day the indictment was found, which was the 5th of February, the prisoners were arraigned and pleaded not guilty. They were not again brought into court until the 9th of February, when the making up of the jury began, but was not completed until the next day, the 10th, and the first question which we are called upon to decide is whether the defendants had had delivered to them a copy of the indictment and a list of the jurors and witnesses two entire days before the trial began.

\*　　\*　　\*　　\*　　\*　　\*

In the case of the *United States vs. Curtis*, 4 Mason's Reports, 232, the court (Judge Sto-

ry) was perfectly clear that it was sufficient if the copy was delivered two days before the cause is tried by the jury, and not before the party is arraigned on the indictment. It is very true that Judge Taney in another case decided otherwise. He held, agreeably to the decisions of the English courts under their statute, that the copy of the indictment ought to be served two days before the arraignment. In the conflict between these two high authorities the court is left to its own best judgment, and as the language of the statute seems plain, we must hold that the service of these copies was in time, having been made two days before the trial, and the trial does not begin until the jury is completed and sworn, which in this case was on the 10th of February. We see no error, therefore, in the ruling of the court below upon this point.

650 potential jurors and when those questionnaires were returned the parties proposed challenges for cause and the court granted certain excuses. We reject this argument because it is based on an unreasonable interpretation of § 3432. The common understanding of when jury selection commences is the point at which potential jurors appear in court and are sworn.[2] Section 3432 was clearly drafted with that common understanding in mind. Furthermore, paragraph 7.11 of the practice order issued in this case provides in relevant part as follows:

> The Government shall pre-mark all exhibits which it intends to introduce as part of its direct case and shall permit defense counsel to inspect and copy these exhibits not later than 7 days prior to the selection of the jury or as soon after arraignment as possible and before jury selection if jury selection is less than 10 days after arraignment.

The government hand-delivered a copy of its exhibit list to O'Driscoll on October 1, 2002, exactly 7 days before 151 potential jurors were scheduled to appear in court. It appears clear from the government's conduct in providing the exhibit list on October 1, 2002, that the government considered October 8, 2002, the commencement of jury selection.

In this case if we would have proceeded with voir dire on October 8, 2002, trial would have commenced for purposes of § 3432 on that date. As of October 8, 2002, O'Driscoll had not received the required three days notice of the witnesses the government intended to call to prove the indictment. O'Driscoll was provided with such a list on October 8, 2002, and as of this date O'Driscoll has had 10 days notice.

O'Driscoll in the present motion requests that we dismiss the aggravating factors. The United States Circuit Court for the District of Pennsylvania construed the original 1790 statute and held that where there is a violation of the statute the defendants would only be entitled to a continuance of the case in order to be provided with the required notice. *United States v. Insurgents*, 2 U.S. 335, 2 Dall. 335, 1 L.Ed. 404, 26 F.Cas. 499 (1795). This case involved several indictments for treason against persons involved in an insurrection in four counties in Western Pennsylvania. Justice Paterson in *Insurgents* stated as follows:

> The objection, that the place of abode of jurors and witnesses, has not been sufficiently designated, in the lists furnished to the prisoners, is, likewise, in our view, a valid one. The object of the law was to enable the party accused to prepare for his defense, and to identify the jurors who were to try, and the witnesses who were to prove, the indictment against him. It is contrary to the spirit and intent of such a provision, that the whole range of the state, or of a County, should be allowed, as descriptive of a place of abode; and it is the duty of the Judges so to mould the practice and construction of statutes, as to render them reasonable and just. With regard to the place, therefore, we think the townships in which the jurors and witnesses respectively reside, should be specified; but the act of Congress does not require a specification of their occupations, and the niceties of the State act, are not, in that respect, incorporated into the Federal system.
>
> In consequence of this decision, *the trials were suspended, in order to give the*

---

**2.** On October 8, 2002, the potential jurors would have been sworn and asked questions relating to disability and hardship.

*Attorney of the District the three days required by the act of Congress, for delivering to the prisoners, amended copies of the caption and indictment, and of the list of jurors and witnesses.*

(Emphasis added.)

Approximately a century later the United States Supreme Court construing § 1033 stated as follows:

The provision is not directory only, but mandatory to the government; and its purpose is to inform the defendant of the testimony which he will have to meet, and to enable him to prepare his defense. Being enacted for his benefit, he may doubtless waive it, if he pleases; but he has a right to insist upon it, *and if he seasonably does so, the trial cannot lawfully proceed until the requirement has been complied with.*

*Logan v. United States,* 144 U.S. 263, 304, 12 S.Ct. 617, 36 L.Ed. 429 (1892)(emphasis added). After noting that the proper relief for a violation of § 1033 was a continuance of the trial, the Supreme Court referred to the English statute of 7 Anne, chap. 21, § 11, which was somewhat similar to § 1033, and noted how it was interpreted by "all of the judges of England." *Id.* at 305, 12 S.Ct. 617. The English statute required that a defendant receive a list of witnesses at the same time he or she was provided with a copy of the indictment. *Id.* In commenting on the decision of the English judges, the Supreme Court stated as follows:

It was held, by a majority of the judges, that the delivery of the list of witnesses was not a good delivery in point of law, but the objection to its delivery was not taken in due time; and the judges agreed that, *if the objection had been made in due time, the effect of it would have been a postponement of the trial,*

*in order to give time for a proper delivery of the list.*

*Id.* (emphasis added); *see also Aldridge v. United States,* 47 F.2d 407, 409 (D.C.Cir. 1931)("If the objection is properly made, it would then operate to delay the trial until such time as proper service could be made."); *United States v. Rosenberg,* 195 F.2d 583, 600 (2d Cir.1952)("It might well have been error to refuse a reasonable request for adjournment coupled with some showing of surprise. But defendants made no such request.").

There is no basis in the law for the relief requested by O'Driscoll. He is not entitled to a dismissal of the aggravating factors set forth in the superseding indictment and the government's supplemental notice of intent to seek the death penalty. Jury selection was continued and O'Driscoll has received more then the three days notice· required by the statute. Consequently, there is no further relief that can be granted and the matter is moot. We will deny O'Driscoll's motion.

We note that the cost of summoning the 147 potential jurors for sessions on October 8, 2002, was $10,968.03.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. O'Driscoll's motion entitled "Motion, In Light of the Government's Failure to Comply with 18 U.S.C. § 3432, to Dismiss the Aggravating Factors Set Forth in the Superceding (sic) Indictment and in the Government's Supplemental Notice of Aggravating Factors" (Doc. 339) is denied as moot.

2. Jury selection will commence on October 23, 2002, at 2:00 p.m.

3. Of the 151 potential jurors summoned only 147 appeared.