Mn Justice Stok y
delivered the opinion, of the courf^ first question which is presented to the court whether the capture was made within thé territorial' limits of Spánish St. Domingo. The testimony .the carpenter and cook of the- captured vessel distinctly asserts that the ship, at the time of the capture, was laying at anchor about a mile from the shore of island. The testimony of the captors as distinctly, asserts, that the ship then lay at a distance of from four to five miles from the , shore. It is contended, by the counsel for the claimants, that captors, are. in no cases admissible witnesses in prize causes being rendered incompetent by reason of their interest. ‘ It is certainly true, that, upon the .original hearing, no other evidence • is . admissible than that of the. ship’s papers, and the preparatory examinations the captured crew. But, upon an order for far-proof, where the benefit of it is allowed to'the captors, their attestations are clearly admissible evi£[ence This is the ordinary' course of prize courts, ■ J . , 1 ' 7 especially where it becomes material to ascertain the r r ! , . circumstances of the capture; tor tn sura cases the *445 facts'lie as much within the knowledge of the capíorS ásthe captured; and the objection of interest generally applies as strongly to the one party as to the other. It'is a mistake, to suppose that the common law doctrine, as to competency, is: applicable to prize proceedings. In courts of prize, no person is incompe-' tent merély on the ground of interest. His testimony is admissible, subject tó all exceptions as .to its crqdibflity. The cases cited at the argument distinctly support this position ; and they are perfectly consistent with fhe principles by which courts of prize profess to regulate their proceedings. We. are, therefore, of opiñion, that the attestations ,of the eaptors are le-. gal. evidence in the case, and it remains to examine their credit. And without entering into a minute examination, in this conflict of .testimony, we are of opinion, that the weight of evidence is, decidedly, that the capture was made within the territorial limits of Spanish St, Domingo.
And this brings us to the second question in the cause; and that is, whether it was competént for the Spanish . r consul, merely by virtue of his office, and without the special authority of his government, to interpose a claim in this case for the assertion of the violated rights of his sovereign. We are of opinion, that his , , . office confers on him no such legal competency. A .consul, though a public agent, is supposed to be clothed with authority only for' ecinmercial purposes. He has an undoubted right to interpose claims for the restitution of property belonging to the subjects of Jiis own country; but he is hot considered as a minister, or di • plomatic agent of his sovereign, intrusted, by virtue *446 of his office, with authority to represent him in hisne g0tiations with foreign states, or to vindicate his prero- . 5 . ■ ’ v gatrves. 1 here is no doubt, that his sovereign may specially intrust him with such authority; but in such case his diplomatic character is superadded to his ordinary powers, and ought to be recognized by the government within whose dominions he assumes to exercise it. There is no suggestion, or proof, of any such delegation of special authority in this case; and therefore we consider this claim as asserted by an incompetent person and on that ground it ought to be dismiss-sed. It is admitted, that a claim by a public minister, or in his absence, by a charge d’áffairs in'behalf of his sovereign would be good. But in making this admission, it is not to be understood that it can be made in a court of justice without the assent or sanction of the government in Whose courts the cause is depending. That is a question of great importance, upon which this court expressly reserve their opinion, until the point shall come directly in judgment.a
The claim of the Spanish government for the violation of its neutral territory being thus disposed of, It is next to be considered whether the British claimant can assert any title founded upon that circumstance. By the return of peace, the claimant became rehabilitated with the capacity to sustain a suit in the courts of this country; and the argument is that a capture made in a neutral territory is. void and *447 therefore, the title by capture being invalid, the Brt-. tish owner has a right to restitution. The difficulty of this argument rests in the incorrectness of the premises. Á capture made within neutrál waters is, as between enemies, deemed, to all intents, and purposes, rightful; it is only by the neutral sovereign that its legal validity can he called in question; and as to him and him only; is it to be considered void. The enemy has no rights whatsoever ; and if the neutral sovereign-, omits or declines to interpose a claim, the property is condemns ble, jure lelh^ to the captors. This is.the clear result of the authorities; and the doctrine rests, oh well established principles of public law.a
_A capture within neutral territory is rightful, as between the belligerents; the neutral state a lone can question its validity-
- Captured ship first conwrten-. cing hostilities upon tli* cap tor, forfeits the neutral protas tion.
There is one other point in the cáse which, if all other difficulties were removed, would be decisive against the claimant. It is a fact that the captured ship first commenced- hostilities against the privateer. This is admitted on all sides ; and it is no excuse to assert that it was done under a mistake of the national character of the privateer, even if this were entirely made out in the evidence. While the ship was lying in neutral waters,, she, was bound to abstain1 from all hostilities, except in self defence. The privateer had án equal title, with herself to the neutral protectionr.an,d was in no default in approaching the coast without showing: - *448 her national character. It was. a violation of that neutrality which the captured ship was bound to observe, to-commencehostilities for any purpose in-these waters; for no-vessel coming thither was bound to submit to search, or to account to her for her conduct or character. When, therefore, she commenced hostilities, she forfeited the neutral protection, and the capture was no injury for which any redress could be rightfully sought from the neutral'sovereign.
The conclusion from all these views of the .case is, that the ship and cargo ought to be condemned as ■good prize of war. And the only remaining inquiry is, whether the captors have so conducted themsel ves as to have forfeited the rights given by their cómmission, so that the condemnation ought to' be to the United Spates. There can be no doubt, that .if captors are guilty of gross misconduct, or laches, in violation of their duty, courts of prize will - visit upon thepi the penalty of a forfeiture of the rights of prize, especially- where the government chooses to interpose a claim to.assert such forfeiture. Cases of gross irregularity, or fraud, may readily be Imagined in which it would become the duty of this court to enforce this principle in -its utmost rigour. But it has never been supposed that irregularities, which have-arisen from mere mistake, or negligence, when they, work no irreparable mischief,.and are consistent with good faith, have ordinarily induced such penal consequences. There wrere some irregularities in this case; but there is no evidence upon the record from which we can infer that there was any fraudulent *449 suppression,, or any gross misconduct inconsistent with good faith; and, therefore, ,we are of opinion, that condemnation ought to be to the captors..
It is the unanimous opinion of the court, that the decree of the circuit court be affirmed, with costs.
Decree affirmed.

 See Viveash v. Becker, 3 Maule and Selwyn, 284. as to the extent of the powers and privileges of consuls.

 The same rule, is adhered' to- in,-the prize practice of France, and was acted on in the case of the Sanct'a Trinila a Russian vessel, captured within a mile and a haif-of the coast- of Spain; but the council of prizes refused restiiution, because the Spanish-government did-not interpose a claim on account of its violated-territory. BpnntmnnPa Translation of Bé Mabrm* oim. 1 p. 117.