# THE PESARO.[1]

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 317. Argued January 26, 27, 1921.—Decided February 28, 1921.

1. A decree in admiralty releasing a vessel finally from arrest, in a suit *in rem,* upon the ground of her immunity to the process of the court, but not in terms dismissing the libel, is final. P. 217.

2. Whether from the jurisdiction over "all civil cases of admiralty and maritime jurisdiction," Jud. Code, § 24, cl. 3, there is an implied exception of trading vessels owned and possessed by foreign powers, is a jurisdictional question, in the sense of Jud. Code, § 238, governing appeals to this court from the District Courts. P. 218.

3. A suggestion that a vessel, arrested in admiralty, is owned and possessed by a foreign country and is, therefore, beyond the jurisdiction of the District Court, cannot be entertained if made by the ambassador of that country directly and not through the official channels of our government. *Id. Ex parte Muir,* 254 U. S. 522. Reversed.

THIS was a direct appeal to review a decree of the District Court dismissing a libel *in rem* for want of jurisdiction over the ship. The case is stated in the opinion.

Mr. *Oscar R. Houston* and Mr. *Harold V. Amberg,* with whom Mr. *D. Roger Englar* was on the brief, for appellants.

Mr. *John M. Woolsey* for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

The *Pesaro* an Italian steamship which carried a shipment of olive oil from Genoa to New York, was sued *in rem*

---

[1] The docket title of this case is: *Luzzato et al., copartners trading under the firm name of Giovanni Luzzato & Son,* v. *The Steamship* "*Pesaro,*" *etc.*

in admiralty in the District Court to enforce a claim for damage to that part of her cargo, the libel alleging that she was a "general ship engaged in the common carriage of merchandise by water, for hire." The usual process issued and the ship was arrested. Afterwards, upon a direct suggestion by the Italian Ambassador that the ship was owned by the Italian Government and at the time of the arrest was in its possession, and therefore was not subject to the court's process, the court vacated the arrest. The libelants objected that a direct suggestion by the Ambassador was not admissible and that, to be entertained, the suggestion should come through official channels of the United States; but the objection was overruled. The libelants then requested permission to traverse the suggestion and to make a showing in opposition; but the request was denied, the court holding that to controvert or question the suggestion was not allowable. The libelants appealed directly to this court and in that connection the District Court certified the ground of its decisions as follows:

"I do certify that the vessel was released from arrest by me by a final decree herein, solely because I deemed that the United States District Court, sitting as a Court of Admiralty, has no jurisdiction to subject to its process a steamship, which is by the suggestion of the said Italian Ambassador filed in this Court represented to be the public property and in the possession of the Kingdom of Italy."

Our authority to entertain the appeal is challenged upon two grounds. One is that the decree is not final, because it does not dismiss the libel. That it does not formally do so is true, but this is not decisive. The suit is *in rem*—is against the ship. The decree holds for naught the process under which the ship was arrested, declares she is not subject to any such process and directs her release—in other words, dismisses her without day. Thus the decree ends the suit as effectually as if it formally dismissed the libel.

Obviously, therefore, it is final. That it was intended to be so is shown by the court's certificate.

The other ground is that the question raised and decided was not a jurisdictional one in the sense of the statute, Jud. Code, § 238, providing for an appeal or writ of error from a District Court directly to this court "in any case in which the jurisdiction of the court is in issue." But we think it was such a question, because it directly concerned the power of the District Court, as defined by the laws of the United States, to entertain and determine the suit. *The Steamship Jefferson*, 215 U. S. 130, 137–138; *The Ira M. Hedges*, 218 U. S. 264, 270; *United States* v. *Congress Construction Co.*, 222 U. S. 199. By the Judicial Code, § 24, cl. 3, the District Courts are invested with original jurisdiction of "all civil causes of admiralty and maritime jurisdiction"; and this is a suit of that character. Whether Congress intended this statute should include suits against ships such as the *Pesaro* is represented to be in the Ambassador's suggestion, when they are within the waters of the United States, is as yet an open question. The statute contains no express exception of them; but it may be that they are impliedly excepted. *The Exchange*, 7 Cranch, 116, 136, 146. If so, the implication is a part of the statute. *United States* v. *Babbit*, 1 Black, 55, 61; *South Carolina* v. *United States*, 199 U. S. 437, 451. Thus, the answer to the question propounded to the District Court involved a construction of the statute defining its jurisdiction in admiralty.

We come then to consider whether the court erred in sustaining the Ambassador's suggestion that the ship was not subject to its process. Apart from that suggestion, there was nothing pointing to an absence of jurisdiction. On the contrary, what was said in the libel pointed plainly to its presence. The suggestion was made directly to the court and not through any official channel of the United States. True, it was accompanied by a certificate of the

Secretary of State stating that the Ambassador was the duly accredited diplomatic representative of Italy, but while that established his diplomatic status it gave no sanction to the suggestion. The terms and form of the suggestion show that the Ambassador did not intend thereby to put himself or the Italian Government in the attitude of a suitor, but only to present a respectful suggestion and invite the court to give effect to it. He called it a "suggestion" and we think it was nothing more. In these circumstances the libelants' objection that, to be entertained, the suggestion should come through official channels of the United States was well taken. *Ex parte Muir*, 254 U. S. 522. And see *United States* v. *Lee*, 106 U. S. 196, 209. With the suggestion eliminated, as it should have been, there obviously was no basis for holding that the ship was not subject to the court's process. What the decree should have been if the matters affirmed in the suggestion had been brought to the court's attention and established in an appropriate way we have no occasion to consider now. An opportunity so to present and establish them should be accorded when the case goes back, as it must.

*Decree reversed.*