# THE SAO VICENTE.[1]

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 279–283. Argued October 3, 1922.—Decided November 13, 1922.

A consul general is not competent, merely by virtue of his office, to appear and claim immunity on behalf of his government and its property, in admiralty proceedings. P. 154.
Certiorari to review 281 Fed. 111, and 115, dismissed.

THESE were writs of certiorari, issued upon petition of the Consul General of Portugal, for the purpose of bringing up admiralty proceedings described in the opinion. The writs were directed to decrees of the Circuit Court

---

[1] The docket titles of these cases are: No. 279, *Transportes Maritimos do Estado, Claimant of S. S. "Sao Vicente,"* v. *Tietjen & Lang Drydock Company.* No. 280, *Transportes Maritimos do Estado, Claimant of S. S. "Murmugao,"* v. *Maxwell Rose, doing business as Battery Operating Company and Whitehall Stevedoring Company.* No. 281, *Transportes Maritimos do Estado, (in personam,)* v. *Maxwell Rose, doing business as Battery Operating Company and Whitehall Stevedoring Company.* No. 282, *Transportes Maritimos do Estado, Claimant of S. S. "Murmugao",* v. *Thomas De Simone.* No. 283, *Transportes Maritimos do Estado, (in personam,)* v. *Thomas De Simone.*

of Appeals which dismissed for want of jurisdiction appeals from the decrees of the District Court.

*Mr. F. Dudley Kohler* for petitioner.

The Sao Vicente and Murmugao were owned and operated by the independent sovereign Government of Portugal and they and their owner were immune from suit in the United States court.

The immunity of the petitioner's vessels is not affected by the fact that they carried commercial cargo. *The Pampa,* 245 Fed. 137; *The Carlo Poma,* 259 Fed. 369; *The Maipo,* 252 Fed. 627; 259 Fed. 367; *Briggs* v. *Light Ships,* 11 Allen, 157; *The Parlement Belge,* L. R. 5 P. D. 197; *The Porto Alexandre* [1920] P. D. 30; *The Scotia* [1903] A. C. 501; *The Jassy* [1906] P. D. 270; *The Constitution,* L. R. 4 P. D. 39.

The petitioner did not waive its rights to immunity or its objections to the jurisdiction of the United States courts.

There can be no implied waiver of objection to the jurisdiction of our courts by a sovereign.

The filing of bonds or stipulations in these cases cannot be regarded as a waiver of objection to jurisdiction of our courts.

The decisions of the District Court and the Circuit Court of Appeals in these actions are and permit a positive violation of the sovereignty of an independent foreign sovereign Government with which the United States is at peace; and are in conflict with the decisions of this Court and with the general principles of the law as laid down by the federal courts.

The procedure by appeals to the Court of Appeals and then by writ of certiorari was proper practice and the petitioner is properly before the Court.

*Mr. John M. Woolsey, Mr. E. Curtis Rouse* and *Mr. Meyer Kraushaar,* with whom *Mr. Robert S. Erskine, Mr.*

*J. Dexter Crowell* and *Mr. Emanuel Celler* were on the briefs, for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The above entitled causes are here on writs of certiorari, issued upon the sole petition of George S. Duarte, who described himself therein as the duly accredited Consul General of the Republic of Portugal in the United States of America, without more. The petition sets out the proceedings below; declares, "The Portuguese Government does not intend to avoid its just obligations to citizens of the United States, but it claims that if there is any question between it and such citizens they are matters for adjudication by the Diplomatic Departments of the two Governments and it does object to the violation of its sovereignty contrary to all rules of international law and international comity;" and alleges, as one reason for granting the writ, that "an important question of international law and comity is involved." There is nothing to show that the Consul General had authority or right to take any action concerning the matters in question, except as may be inferred from his official position. Considering the possible international aspect of the controversy, we granted the petition, and appropriate writs issued. Counsel have been heard, both orally and by briefs.

Nos. 279, 280 and 282 are separate proceedings *in rem,* commenced in the United States District Court, Southern District of New York, against The Sao Vicente and The Murmugao, to recover for materials, supplies, work and labor furnished to them. In each cause, after arrest of the steamer, the Transportes Maritimos do Estado, intervening for its interest, appeared before the court and made claim, averring that it was in possession when the process issued, and was the true and *bona fide* owner. It asked

to defend accordingly; gave bond for costs and value; and
secured the vessel's discharge. Thereafter, the steamer
answered denying the allegations of the libel, and as a
distinct and complete defense alleged that it was owned
and operated by the Transportes Maritimos do Estado, a
Department of the Government of Portugal not subject
to suits in courts of the United States. This special de-
fense was declared insufficient and final decrees were duly
entered. Appeals to the Circuit Court of Appeals were
dismissed (*The Carlo Poma,* U. S. 219), that court
being of opinion that the only controverted point was the
jurisdiction of the trial court. 281 Fed. 111 and 115.

Nos. 281 and 283 are separate proceedings *in personam,*
commenced in the same District Court against Trans-
portes Maritimos do Estado, alleged to be a foreign cor-
poration organized under the laws of the Republic of
Portugal, to recover for services, goods, wares and mer-
chandise furnished to its steamers The Cunene and The
Santo Antao. The Murmugao was attached. The re-
spondents answered, made general denials, and, as a dis-
tinct and complete defense, alleged The Cunene and The
Santo Antao were owned and operated by a Department
of the sovereign Government of Portugal, and that the
court was therefore without jurisdiction. This defense
was held insufficient. Appeals to the Circuit Court of
Appeals were dismissed upon the view that they involved
only the question of jurisdiction.

We are of the opinion that the writs of certiorari were
improvidently awarded and must be dismissed. The Con-
sul General was not party to any of the proceedings below,
and is not competent, merely by virtue of his office, to
appear here for his Government and claim immunity from
process in the manner attempted. In *The Anne,* 3 Wheat.
435, 445, a prize proceeding for condemnation, a claim
was interposed in behalf of the Spanish Consul, for resti-
tution of the vessel because of asserted violation of the

neutral territory of Spain. Speaking through Mr. Justice Story, this Court said:

"And this brings us to the second question in the cause; and that is, whether it was competent for the Spanish consul, merely by virtue of his office, and without the special authority of his government, to interpose a claim in this case for the assertion of the violated rights of his sovereign? We are of opinion, that his office confers on him no such legal competency. A consul, though a public agent, is supposed to be clothed with authority only for commercial purposes. He has an undoubted right to interpose claims for the restitution of property belonging to the subjects of his own country; but he is not considered as a minister, or diplomatic agent of his sovereign, intrusted, by virtue of his office, with authority to represent him in his negotiations with foreign states, or to vindicate his prerogatives. There is no doubt, that his sovereign may specially intrust him with such authority; but in such case his diplomatic character is superadded to his ordinary powers, and ought to be recognized by the government within whose dominions he assumes to exercise it. There is no suggestion or proof of any such delegation of special authority in this case; and therefore, we consider this claim as asserted by an incompetent person, and on that ground, it ought to be dismissed."

And see *United States* v. *Wong Kim Ark*, 169 U. S. 649, 678; *In re Baiz*, 135 U. S. 403, 424; *Ex parte Muir*, 254 U. S. 522, 532; *The Pesaro*, 255 U. S. 216, 218.

*Dismissed.*