## LANDLEY v. REPUBLIC OF PANAMA et al.

District Court, S. D. New York.
Jan. 20, 1940.

Adolf H. Landley, of New York City, in pro. per.

Emilio Nunez, of New York City, for defendants Republic of Panama and G. Lopez Fabrega, individually, and as Consul General.

HULBERT, District Judge.

The Republic of Panama, a foreign and friendly sovereign power and G. Lopez Fabrega, its Consul General at New York, challenge the jurisdiction of this Court. The other defendants are alleged to be citizens registered with the Department of State as accredited agents of the Republic of Panama.

Plaintiff, alleging citizenship and residence in this District, where he carries on a real estate business, undertakes to set up two causes of action; the first is to recover $10,750 on a quantum meruit for services; all of the allegations in the 20 paragraphs of the first cause of action are realleged in the second, with some additional allegations which indicate the pleader intended to spell out a cause of action against Fabrega, individually, and as Consul General.

Plaintiff, who appears in person, is not a lawyer, and the complaint is that of a layman. It sets forth:

"* * * sometime in the fall of 1936 the National Assembly of Panama passed a resolution to investigate alleged maladministration of the so-called Panama Fund" and

"to obtain recovery of monies, alleged to have been improperly used from said Fund to the detriment of the Republic of Panama and bondholders of an issue amounting to $4,500,000—which had been defaulted."

"Seventh: That thereupon the defendants, Republic of Panama, through its consular offices in New York City, hired plaintiff to assist in such investigation under a promise of compensation in case information—to be furnished by plaintiff—would be used.

"Eighth: That at the time of such hiring and prior to furnishing said information, plaintiff was directed by said consular office to impart his knowledge and advice directly to His Excellency Dr. J. Demosthe-nes Arosemana President of the Republic of Panama.

"Ninth: That in accordance with such direction plaintiff, on or about October 26, 1936, addressed a communication to said President Arosemana containing pertinent information and specific details of his knowledge with regard to the administration of the Panama Fund together with real estate advices on further activities.

"Tenth: That in said communication such information, advice and the use thereof was distinctly conditioned on same being kept confidential until a written contract of Plaintiff's expected compensation, indicated therein as the sum of Ten-thousand seven hundred and fifty ($10,750) dollars had been executed."

The plaintiff has set forth in his replying affidavit upon this motion the answer made by President Arosemana, as follows:

"Panama, November 12, 1936.
"Mr. A. H. Landley,
"Real Estate
"49 West 91st St.
"New York.
"Dear Mr. Landley:
"With your letter of October 26 I received copy of the one sent to Mr. Alfredo Aleman in connection with the matter that the Government of Panama has with the firm of Sullivan & Cromwell.
"The information contained in your letter is fully appreciated and, no doubt, it will be of great use for the final negotiations of this matter.
"I remain, yours very truly,
"J. D. Arosemana"

Plaintiff further alleges that in violation of the promises made to him the information which he furnished was published in Panama newspapers, formed the subject of debate in the Panama Assembly and was used by another private bondholders' committee and that the negotiations have been completed resulting in large monetary benefits to the Republic of Panama and the bondholders of the defaulted issues, and that the information and advice given by plaintiff were novel to the Panamanian parties in interest, timely, and of special value in the premises.

In the second alleged cause of action it is alleged that on or about November 6, 1936, and prior to the letter of President Arosemana, previously set forth, the defendant G. Lopez Fabrega, until then without knowledge of plaintiff's information,

requested plaintiff to furnish him with a copy of the communication sent to President Arosemana on October 26, 1936 "containing details" and that plaintiff acceded to this request only after Fabrega had promised to keep the information and contents of the letter strictly confidential, make no use of same until authorized by plaintiff and return the paper any time upon demand, but that Fabrega, in disregard of such promise, disseminated the contents to others, forwarded the copy to the foreign office of Republic of Panama·and has failed to return same to plaintiff, although duly demanded.

Damages for this breach are included in the prayer for $10,750, the amount sought on the first cause of action.

■ There is no allegation in the complaint that the Republic of Panama has consented to be sued, and it cannot be otherwise, and the motion is granted as to it.

■ While Fabrega is sued individually as well as in his official capacity, it seems clear from an analysis of the complaint that the action is directed against him based upon the duties performed by him as the Consul General of his country, and the motion is granted as to him. See Lyders v. Lund, D.C., 32 F.2d 308.

Settle order on two days' notice.