**CARRERA v. CARRERA.**

No. 9729.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1948.

Decided Feb. 28, 1949.

Mr. Kahl K. Spriggs, of Washington, D. C., for appellant.

Mr. Milton Conn, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Rosa H. Carrera sued her husband, Amable H. Carrera, in the United States District Court for the District of Columbia for separate maintenance for herself, and for the custody of and support for their fifteen-year old son. The Carreras are nationals of Ecuador, permanently resident in the United States. When the action was instituted, both were domestic servants in the Czechoslovakian Embassy.

Amable moved to quash the return showing service of process upon him and also moved to dismiss the complaint, claiming diplomatic immunity from the action. Such immunity was requested for him by the Czechoslovakian Ambassador in a commun-

ication to the Secretary of State. A copy of the Ambassador's note was transmitted to the district judge by the legal adviser to the Secretary of State with the following letter:

"There is enclosed for the information of the District Court of the United States for the District of Columbia a copy of a note received by the Department of State from the Czechoslovak Ambassador in which diplomatic immunity is requested on behalf of Amable Hidalgo Carrera, an Ecuadoran national, employed by the Czechoslovak Ambassador as a butler and chauffeur.

"The name of Mr. Carrera has been previously registered in the Department of State in accordance with Section 254 of Title 22 of the United States Code and has been included in the 'List of Employees in the Embassies and Legations in Washington not Printed in the Diplomatic List', commonly known as the 'White List', which has been transmitted by the Secretary of State to the Marshal of the District of Columbia.

"It would be appreciated if the Court would take into consideration the request of the Czechoslovak Ambassador and take such action as the Court deems to be appropriate in the circumstances." [1]

The District Court dismissed the complaint on the ground that Amable was diplomatically immune from the action. Rosa appeals.

Her first ground for reversal is that the right of the appellee to diplomatic immunity was not properly presented to the District Court. We find, however, that the process by which the claim of immunity made by the Czechoslovokian Ambassador to the State Department was communicated to the court is that which was approved by the Supreme Court in In re Baiz, 1890, 135 U.S. 403, 421, 10 S.Ct. 854, 34 L.Ed. 222. It is enough that an ambassador has requested immunity, that the State Department has recognized that the person for whom it was requested is entitled to it, and that the Department's recognition has been communicated to the court. "The courts are disposed to accept as conclusive of the fact of the diplomatic status of an individual claiming an exemption, the views thereon of the political department of their government." [2]

The next contention of the appellant is that the inclusion of Amable's name on the so-called "White List" was not sufficient to bring him within the second clause of § 254 which would extend to him the pro-

---

[1] Sections 252, 253 and 254 of Title 22 of the United States Code, Annotated, which have to do with the diplomatic immunity of ambassadors and public ministers, are as follows:

"§ 252. Suits against ministers and their domestics prohibited. Whenever any writ or process is sued out or prosecuted by any person in any court of the United States, or of a State, or by any judge or justice, whereby the person of any ambassador or public minister of any foreign prince or State, authorized and received as such by the President, or any domestic or domestic servant of any such minister, is arrested or imprisoned, or his goods or chattels are distrained, seized, or attached, such writ or process shall be deemed void.

"§ 253. Penalty for wrongful suit. Whenever any writ or process is sued out in violation of section 252 of this title, every person by whom the same is obtained or prosecuted, whether as party or as attorney or solicitor, and every officer concerned in executing it, shall be deemed a violator of the laws of nations and a disturber of the public repose, and shall be imprisoned for not more than

three years, and fined at the discretion of the court.

"§ 254. Exceptions as to suits against servants, etc., of minister; listing servants. Sections 252 and 253 of this title shall not apply to any case where the person against whom the process is issued is a citizen or inhabitant of the United States, in the service of an ambassador or a public minister, and the process is founded upon a debt contracted before he entered upon such service; nor shall section 253 of this title apply to any case where the person against whom the process is issued is a domestic servant of an ambassador or a public minister, unless the name of the servant has, before the issuing thereof, been registered in the Department of State, and transmitted by the Secretary of State to the marshal of the District of Columbia, who shall upon receipt thereof post the same in some public place in his office. All persons shall have resort to the list of names so posted in the marshal's office, and may take copies without fee."

[2] II Hyde, International Law, 1268.

498

tection of §§ 252 and 253. In support of this proposition the appellant cites Trost v. Tompkins, D.C.Mun.App.1945, 44 A.2d 226. But in the Trost case the court held no more than that, certification of the Secretary of State being absent, a court otherwise having jurisdiction should determine whether the person claiming immunity was properly placed on the "White List." But here, the Secretary having certified Carrera's name as included in the list, judicial inquiry into the propriety of its listing was not appropriate.

It is further suggested by the appellant that this action is not within the purview of § 252 since it is not one in which the defendant's goods or chattels were distrained, seized or attached. The rule of immunity is not confined to those actions which have as a direct objective the distraint, seizure or attachment of goods or chattels. "It has long been a settled rule of law that foreign diplomatic representatives are exempt from all local processes in the country to which they are accredited. 1 Kent's Commentaries 15, 38. The same immunity is not only given to an ambassador himself, but to his subordinates, family and servants as well." 27 Harv.L. Rev. 489 (1914). See also 27 Yale L.J. 392 (1917).

The appellant also invokes the first portion of § 254, which is

"Sections 252 and 253 of this title shall not apply to any case where the person against whom the process is issued is a citizen or inhabitant of the United States, in the service of an ambassador or a public minister, and the process is founded upon a debt contracted before he entered upon such service; * * *"

The suggestion is that Amable is an inhabitant of the United States in the service of an ambassador and that the process against him in this case was founded upon a debt contracted before he entered upon such service, in that the child for whom support was sought was born before he began to serve the Ambassador. A parent's moral or legal obligation to support his infant child is not usually considered as a debt within the ordinary significance of the word. We are here concerned with the word "debt" as it is used in § 254; and we do not regard Amable's moral or legal obligation to support his child, which this action sought to enforce, as a "debt contracted before he entered upon" the Ambassador's service.

The final contention of the appellant is that the rule of diplomatic immunity does not apply in the field of domestic relations, in support of which she cites State of Ohio ex rel. Popovici v. Agler, 1930, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489. But the question of diplomatic immunity was not raised in that case, as Popovici was a vice consul of Rumania, and it is universally recognized as a principle of international law that, in the absence of express agreement therefor, immunity does not extend to consuls, who are merely commercial representatives of foreign states. 16 Am.Jur. 964. Cf. The Sao Vicente, 1922, 260 U.S. 151, 155, 43 S.Ct. 15, 67 L.Ed. 179.

We have no doubt that the case was properly decided by the District Court.

Affirmed.