**Richard H. WALTHER, M.D., F.A.C.S.,**
Plaintiff,

v.

**Hubert W. P. THOMSON, individually and as Chief of the District of New York of the Department of Citizenship and Immigration, Dominion of Canada [sic], and The Dominion of Canada, Defendant.**

United States District Court
S. D. New York.

Dec. 6, 1960.

M. Vinson Hayes, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for Hon. A. D. P. Heeney, Inzer B. Wyatt, John W. Dickey, New York City, of counsel, amicus curiae.

S. Hazard Gillespie, Jr., New York City, Charles T. Beeching, Jr., New York City, of counsel, amicus curiae.

BICKS, District Judge.

Plaintiff is a physician and surgeon. At all times here material, the defendant Thomson was officer in charge of the Canadian Government Immigration Service at the Canadian Consulate General in the City of New York. Mr. Thomson was certified to the Department of State as an officer of Canada whose "official activities * * * include the interviewing of residents of the United States of America who might wish to immigrate to Canada. * * *"[1]

Plaintiff's complaint, as amended, alleges that the individual defendant herein made false statements which induced plaintiff to immigrate to Edmonton, Alberta, Canada. Among the offending statements alleged are the following:

"You're a surgeon—don't worry about anything. There's an exam you must take to be licensed, which

13. The briefs and memoranda of counsel have been placed in file Civil Action No. 24983 as Documents Nos. 20 to 23.

1. State Department note received at Canadian Embassy, November 21, 1956, contained in Appendix to communication from Hon. A. D. P. Heeney, Ambassador of Canada to the United States of America.

is just a matter of form. Alberta is my favorite place—they have just discovered gas, oil, titanium and gold. You will be a success there, and it's the one place in Canada for you. I wish my stocks and bonds were as safe as your chances of success in Alberta.

"The exam is your only requirement. I anticipate that in your second year you will be making $30,-000. Once you get to Edmonton and you're a surgeon, which will take you only thirty days after you arrive, you'll have much happier birthdays."

A. D. P. Heeney, Ambassador of Canada to the United States appears as *amicus curiae* for the defendant Thomson and has submitted the suggestion of Her Majesty in Right of Canada, Queen Elizabeth II, that Canada "is not subject to suit * * * without Her consent whether the suit be brought directly against Her or Her Government or by way of suit against an officer of Her Majesty's Government acting in course of his official duties and in Her Majesty's behalf in the City of New York." [2]

Plaintiff consenting, the United States Attorney has informed the Court of the Department of State's response to a note, dated March 17, 1960, from the Chargé d'Affaires of Canada to the Secretary of State concerning the complaint herein. The Chargé's note requested the assistance of the Secretary of State in bringing to the Court's attention that the defendant Thomson enjoys sovereign immunity. The Department's reply, as communicated to this Court, is:

"It is a matter of record in the Department of State that Mr. Hubert W. P. Thomson is 'Settlement Officer—Department of Citizenship and Immigration' of the Canadian Government on duty at the Canadian Consulate General in New York City, that he held that position on and continuously subsequent to March 6, 1957, and that Mr. Thomson's official duties include interviewing and advising prospective immigrants to Canada." [3]

The statements which form the matrix of plaintiff's claim, as reflected in the amended complaint, are all comments made by Mr. Thomson to plaintiff with respect to what plaintiff might anticipate upon arrival in Edmonton. The complaint specifically alleges that Mr. Thomson, at all times material herein, was an officer of the Canadian government. We address ourselves solely to the application of sovereign immunity to the facts of this case.

■ A consular official is immune from suit when the acts complained of were performed in the course of his official duties.[4] The Anne, 1818, 3 Wheat. 435, 445, 4 L.Ed. 428; The Sao Vicente, 1922, 260 U.S. 151, 155, 43 S.Ct. 15, 67 L.Ed. 179; Lyders v. Lund, D.C.N.D.Cal., S.D. 1929, 32 F.2d 308; Carl Byoir & Associates v. Tsune-Chi Yu, 2 Cir., 1940, 112 F. 2d 885, 886; Carrera v. Carrera, 1949, 84 U.S.App.D.C. 333, 174 F.2d 496, 498; Arcaya v. Paez, D.C.S.D.N.Y.1956, 145 F.Supp. 464, 466, affirmed per curiam, 2 Cir., 1957, 244 F.2d 958; Tentative Draft No. 2, Restatement of the Foreign Relations Law of the United States, §§ 68, 69, p. 228. Thus, if the statements allegedly made to Waltier by Thomson were uttered in pursuance of Thomson's official functions as a consular officer, then the suggestion of the Ambassador of Canada should be adopted and the defendant held immune.

Arcaya v. Paez, supra, relied on by defendant, is inapposite. There, defendant was Consul General of Venezuela in New York City. Plaintiff, a Venezuelan

2. Letter of Hon. A. D. P. Heeney, Ambassador of Canada to the United States of America, November 9, 1960.

3. Affidavit of Charles T. Beeching, Jr., Assistant United States Attorney, July 12, 1960. Cf. Arcaya v. Paez, D.C.S.D.N.Y. 1956, 145 F.Supp. 464, affirmed per curiam, 2 Cir., 1957, 244 F.2d 958.

4. There is no suggestion that the defendant Thomson enjoys diplomatic immunity.

citizen residing in New York, sought to recover damages for libel. The Court noted, "that a consul's duties are commercial but that they may be enlarged by special authority. To be effective such an enlargement must, however, 'be recognized by the government within whose dominions he assumes to exercise it.' " 145 F.Supp. at page 470; The Anne, supra. The Court found that the Department of State had recognized no such enlargement,[5] and remarked that it could "find nothing to indicate that defendant's alleged acts were within the scope of his authority." 145 F.Supp. at page 471. The Venezuelan Ambassador had suggested to the Department of State that an allegedly libelous letter published in the New York Times was written in pursuance of the defendant's official duties. The Department merely submitted the Ambassador's letter to the Court, without comment.

Here, the parties, the Ambassador of Canada to the United States, and the Department of State are in accord that Mr. Thomson was sent to New York to interview and advise prospective immigrants to Canada.[6] Since the complaint itself alleges that the statements were "designed to induce the plaintiff to leave the United States",[7] it appears beyond peradventure that Mr. Thomson was acting in the course of his official duties.

Accordingly, the complaint and amended complaint must be dismissed.

So ordered.

5. It is significant to note that the Department of State made no response to the Venezuelan Ambassador's suggestion as to the status of the defendant in Arcaya v. Paez, supra. Here, as more fully appears in the text of this opinion, the Department has represented defendant's status to this Court.

6. The suggestion that the making of *false* statements is not within the defendant Thomson's official duties, since wrongdoing is never authorized, was laid to rest in Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579, 581, where the Court said:

"The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him."

