145 So.2d 679 (1962)
REPUBLIC OF CUBA
v.
MAYAN LINES, S. A., the Civil Sheriff for the Parish of Orleans, Honorable Llewellyn J. Scanion and the Clerk of the Civil District Court for the Parish of Orleans, Honorable Thomas S. Buckley.
No. 789.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 29, 1962.
*680 Benjamin E. Smith, New Orleans, for Republic of Cuba, plaintiff-appellant.
Cobb & Wright, Joseph V. Ferguson, II, New Orleans, for Mayan Lines, S. A., defendant-appellee.
George J. Haylon, New Orleans, for Civil Sheriff, Parish of Orleans, defendant-appellee.
Thomas Barr, III, New Orleans, for Clerk of Civil District Court, defendant-appellee.
Before LANDRY, RUSSELL and HUMPHRIES, JJ.
LANDRY, Judge.
The Republic Cuba instituted this action in the Civil District Court, Parish of Orleans, against Mayan Lines, S.A., a Panamanian Corporation; the Civil Sheriff of the Parish of Orleans, Llewellyn J. Scanlon; and the Clerk of the Civil District Court, Orleans Parish, Thomas S. Buckley, to annul a money judgment rendered in favor of Mayan Lines, S.A. in a previous action by said corporation against plaintiff herein. From the judgment of the trial court dismissing the present action upon an exception of lack of procedural capacity tendered on behalf of defendant, Mayan Lines, S.A., plaintiff herein, the Republic of Cuba, has taken this appeal.
It is believed that a narration of the events and circumstances leading to the present suit will afford a better understanding of the sole issue involved herein, which, as will hereinafter be shown is purely and simply a question of law.
On November 15, 1960, appellant herein, the Republic of Cuba, was named defendant in Suit Number 385-779 on the docket of the Civil District Court for the Parish of Orleans, instituted against appellant by Mayan Lines, S.A., in which action said plaintiff sought judgment against defendant in a sum in excess of $1,000,000.00. Jurisdiction over the Republic of Cuba was obtained by attachment of various properties alleged to be owned by said defendant and located aboard a certain vessel then in the Port of New Orleans. Pursuant to a writ of attachment the property in question was taken into custody by the Civil Sheriff of the Parish of Orleans. The Republic of Cuba then appeared in the proceeding through a reputable local attorney duly authorized to represent said sovereign therein and who, on behalf *681 of the Cuban Government, filed an exception to the Court's jurisdiction perdicated upon a plea of sovereign immunity. Subsequently the Republic of Cuba, through its said attorney, moved that its exception be dismissed, admitted some of the indebtedness claimed by plaintiff and ultimately confected a compromise of plaintiff's claim in the form of a stipulation appearing in the record of said former suit. The stipulation in question provides that plaintiff Mayan Lines, S.A. agreed to reduce its claim to $500,000.00; that the property of defendant under attachment be sold; and, after payment of costs incurred in the suit, the balance remaining in the hands of the Civil Sheriff be divided on a pro rata basis of 25% to the Republic of Cuba and 75% to plaintiff Mayan Lines, S.A. During the pendency of the proceeding, various parties filed actions in the State and Federal Courts attaching the interest of Mayan Lines, S.A. in the aforesaid claim and judgment. Each of said parties were duly represented by counsel who particiipated in the discussion which preceded the preparation and execution of the stipulation of compromise hereinbefore mentioned. On the basis of the aforesaid stipulation, judgment was rendered in the court below on April 12, 1961, in favor of plaintiff Mayan Lines, S.A. and against defendant Republic of Cuba incorporating therein all of the provisions of the aforementioned stipulation. The Republic of Cuba did not timely appeal said judgment either suspensively or devolutively.
In essence the instant action is one by the Republic of Cuba to annul and set aside the judgment rendered against it April 12, 1961, in favor of Mayan Lines, S.A., on the ground of fraud, error and ill practice, the asserted nature of which is not essential to a disposition of the sole issue before this Court.
To the present action defendant Mayan Lines, S.A., filed numerous peremptory exceptions including one of lack of procedural capacity. Attached to the petition of present plaintiff is a certificate from the Ministry of Foreign Affairs, Republic of Cuba, executed October 27, 1961 (this suit having been filed February 21, 1962) appointing plaintiff's attorney of record as agent of the Cuban government to represent said sovereign in this lawsuit. Defendant's exception of procedural capacity is based on the contention that a foreign government may not sue in the courts of this country in its own name but must bring such an action through a diplomatic representative or other agent duly recognized and accredited by the appropriate political agency of our government which defendant asserts to be the State Department. In this regard defendant contends that until and unless plaintiff herein presents a certificate of the State Department certifying that diplomatic relations exist between this government and that of the Republic of Cuba and further attesting that the party seeking to represent said foreign government is a duly accredited and recognized representative thereof, the Courts of this country, both state and federal, are closed to said foreign power.
More precisely, appellee's contention is stated in its brief as follows:
"Appellee's first position, which is the only issue before this Court, is based on the fact that a foreign nation seeking to assert a right or claim in the courts of Louisiana, must bring its action through a diplomatic, or other official of that government who is so recognized by the State Department, to represent the foreign nation in the United States."
The learned trial court sustained appellee's motion to dismiss for lack of procedural capacity for the following written reasons appearing in the record:
"The Court is of the opinion that the plaintiff in this action, the Republic of Cuba, is without procedural capacity herein, in that it does not appear through duly authorized and proper representatives.

*682 "The action filed herein by the Republic of Cuba is one to annul and set aside a judgment rendered by the Court in Case #385,779 of the Docket of this Court; in that proceeding, the Republic of Cuba was represented by Counsel, and at the time the litigation started, the Republic of Cuba was recognized by the Government of the United States of America. Since the rendition of that judgment, and prior to the filing of the suit herein by the Republic of Cuba, the relationship between the Republic of Cuba and the United States of America has been dissolved; the Ambassadorial or Consulate offices of both countries were respectively withdrawn and the Court believes that it is entitled to take judicial cognizance of the fact that in the United States of America, the Republic of Cuba's representative is the Government of Czechoslovakia, and in the Republic of Cuba, the representative of the United States of America is the Republic of Switzerland.
"The Court is likewise of the opinion that it may take judicial cognizance of the fact that because of the complete severance of relationship between the Government of the United States and the Government of Cuba, the Government of Cuba is no longer a friendly nation to the United States of America; hence the Court is of the opinion that before the Government of Cuba may have of avail to it the judicial process, either in Federal or State Courts, it should first get the consent of the Government of the United States of America, through its appropriate department and file whatever actions they desire to file after such consent, through their own representative, the Government of Czechoslovakia.
"The only evidence of representation in this record is a document dated `Havana, October 27, 1961, addressed "TO WHOM IT MAY CONCERN",' wherein it is stated that Benjamin E. Smith, Esq., of New Orleans, Louisiana, is authorized to represent the Republic of Cuba, and which document is reputed to be signed by Raul Roa, on behalf of the Ministry of Foreign Affairs.
"The Court is of the opinion that this is not proper representation or certification of a representative who may act for a foreign Government such as Cuba under the circumstances presently prevailing, and deems that this action on its behalf is without proper procedural capacity."
The question presented is res nova quoad the courts of this state. No relevant decision of our own state courts has been cited by counsel for either litigant and our own independent research fails to disclose that the issue involved has been the subject of any prior decision of the appellate courts of this state. The issue presented, however, namely, whether a sovereign foreign government may sue in the state or federal courts of this nation in its own name or whether such a plaintiff may appear only through an accredited representative recognized and certified as such by the executive or legislative branch of government, has been the source of litigation in the Federal Courts and the Courts of certain other states.
Resolution of the issue presented must be accomplished in the light of certain well recognized and firmly established applicable principles of international law.
It is a well settled rule of international law that a foreign sovereign may enter suit in its own name in the state or federal courts of another sovereign nation by which the former has been recognized. Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726; The Sapphire v. Napoleon, III, 78 U.S. (11 Wall.) 164, 20 L.Ed. 127; Land Oberoesterreich v. Gude, (C.C.A. 2) 109 F.2d 635, cert. den. 311 U.S. 670, 61 S.Ct. 30, 85 L.Ed. 431; Lehigh Valley R. Co. v. State of Russia, 2 Cir., 21 F.2d *683 396; Government of France v. Isbrandtsen-Moller Co., D. C., 48 F.Supp. 631.
Foreign relations of our government are committed by the constitution to the executive and legislative departments and what is done by such departments is binding upon the courts and not subject to judicial review. Ex parte Cooper, 143 U.S. 472, 12 S.Ct. 453, 36 L.Ed. 232.
Who may be the sovereign de jure or de facto of a foreign government is a purely political question. Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726.
In 48 C.J.S. Verbo, International Law § 18a., page 22 the following rule of law is stated:
"a. Action by Foreign Sovereigns
"A recognized sovereign may sue in the courts of another sovereign.
"As a rule a sovereign may sue in the courts of another, subject to the law of the forum, provided it has been recognized as a sovereign state. Such a suit is not affected by a change in the person of the sovereign."
Once granted, recognition of foreign sovereignty continues until such time as such recognition is expressly withdrawn or cancelled by the appropriate political department of the government concerned. Unless the political department of a government has determined otherwise, the judiciary recognizes the condition of things with respect to another foreign sovereign which was last recognized by the political department and consequently will recognize the last recognized government notwithstanding the withdrawal of ambassadors. Lehigh Valley R. Co. v. State of Russia, supra.
Verification of a complaint or petition by the attorney for a sovereign has been expressly approved and held sufficient. Government of France v. Isbrandtsen-Moller Co., D.C., 48 F.Supp. 631; State of Yucatan v. Argumedo, 1915, 92 Misc. 547, 157 N.Y.S. 219; Republic of Mexico v. DeArangoiz, 1856, 5 Duer, N.Y. 643.
The record in the instant case reflects that although normal diplomatic relations between the government of the United States and that of the Republic of Cuba have been severed considering each has withdrawn its ambassadors and other representatives from the other, nevertheless mutual diplomatic recognition continues to exist between said sovereigns. Indeed, in the event the record did not so reflect the court may take judicial cognizance of the fact that the appropriate political department of the United States continues diplomatic recognition of the existence, sovereignty and authority of the present government of the Republic of Cuba despite the fact that the government of this nation no longer maintains diplomatic relations in the usual and customary manner in which diplomatic relations are conducted.
The fallacy of the argument of esteemed counsel for appellee as well as the error of the learned trial court (as revealed by the hereinabove quoted reasons for judgment handed down by our brother below), lies in the failure to distinguish between continuing diplomatic recognition of sovereignty and the maintenance of continuing diplomatic relations between sovereigns.
No citation of authority is deemed necessary in support of the principle that continuing diplomatic relations in the form of mutual exchange of ambassadors or other diplomatic representatives is neither necessary nor indispensable to continuing mutual diplomatic recognition of sovereignty between governments. We believe it elementary to state that governments may continue mutual diplomatic recognition of sovereignty despite their severance of all diplomatic relations. In this regard we wish to point out that the record in the instant case reveals "unofficial relations" between the United States and Cuba considering *684 the Government of the United States is represented by the Swiss Embassy in Havana while the Cuban Government has named the Czechoslovakian Embassy in Washington, D. C. as its representative in this country. The existence, however, of such "unofficial relations" between the sovereigns involved is not to be construed as the circumstance upon which this present opinion turns.
Able counsel for appellee cites Lehigh Valley R. Co. v. State of Russia, supra, as authority for the rule that an action by a foreign government must be instituted through its accredited and recognized representative. Our appraisal of the cited decision does not accord with that of counsel for appellee. In the mentioned case the court merely held that an action properly instituted by a sovereign in its own name may be continued in the name of the sovereign by a recognized ambassador of the government concerned. The decision does not hold that an action may be instituted in the name of a foreign power only by a duly recognized and accredited ambassador or other governmental representative.
In support of his contention that appellant may continue the present action only through an agent duly recognized and accredited by the appropriate political department of the United States which appellee asserts to be the State Department, counsel for appellee relies upon the following authorities: In re Muir, 254 U.S. 522, 41 S.Ct. 185, 65 L.Ed. 383; The Pesaro, 255 U.S. 216, 41 S.Ct. 308, 65 L.Ed. 592; The Gul Djemal, 264 U.S. 90, 44 S.Ct. 244, 68 L.Ed. 574; Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Compania Espanola, etc. v. The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667; The Sao Vicente, 260 U.S. 151, 43 S.Ct. 15, 67 L.Ed. 179.
Our careful consideration of each of the cited authorities discloses that the courts were therein concerned with pleas of sovereign immunity entered on behalf of sovereign defendants rather than with affirmative actions or suits filed or instituted on behalf of a sovereign government in the capacity of plaintiff or complainant.
Each of the decisions cited and relied upon by illustrious counsel for appellee pronounces and reiterates the well established rule of international law that a suggestion of sovereign immunity, sought to be interposed by the government of a state in defense of an action instituted against it in its sovereign capacity, may not be pleaded through its representatives in the ordinary course of the discharge of their official duties but only upon and through the suggestion of immunity made to appear by certification of the appropriate political department of the government of the country in which the defense of immunity is sought to be entered. Said principle or rule of law while being well recognized and established is without application to the case at bar. The sole purpose of the instant suit is to annul the judgment presently outstanding against appellant, a foreign sovereign duly recognized as such by the proper political department of this nation. Under such circumstances, the State and Federal Courts of this country are open to appellant who may sue therein in its own name. It follows therefore that the trial court improperly dismissed appellant's action against appellee, Mayan Lines, S. A.
It is conceded on appeal that defendant, Thomas S. Buckley, Clerk, Civil District Court, Parish of Orleans, does not have in his possession any property or funds belonging to or claimed by appellant. It follows, therefore, that appellant's demand against said Clerk of the Civil District Court, Parish of Orleans, is without legal foundation considering that said official is neither a necessary nor proper party to a suit by appellant to cancel the judgment in question.
On the other hand, it is shown that at the time of institution of this action defendant Llewellyn J. Scanlon, Civil Sheriff, Parish of Orleans, had in his possession the sum of $5,160.34 representing the undistributed *685 portion of funds accruing under the judgment of April 12, 1961. Since appellant has at least a 25% interest in said fund under the previous judgment, it follows that the trial court improperly rejected appellant's demand as against said Civil Sheriff.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment of the trial court sustaining the exception of lack of procedural capacity and dismissing plaintiff's petition as against defendants, Mayan Lines, S. A. and Llewellyn J. Scanlon, Civil Sheriff, Parish of Orleans, be and the same is hereby annulled, rescinded, reversed and set aside and said exception of procedural capacity hereby overruled and dismissed.
It is further ordered, adjudged and decreed that the judgment of the trial court rejecting the demand of appellant Republic of Cuba against defendant-appellee Thomas S. Buckley, Clerk of the Civil District Court, Parish of Orleans, be and the same is hereby affirmed and judgment rendered herein in favor of said defendant Thomas S. Buckley in his said official capacity and against plaintiff Republic of Cuba rejecting said plaintiff's demand against said defendant, with prejudice.
It is further ordered, adjudged and decreed that this cause be and the same is hereby remanded to the trial court for further proceedings consistent with the views herein expressed; costs of this appeal to be paid by appellee, Mayan Lines, S. A. while the assessment of the costs of trial shall await disposition of this matter on its merits.
Reversed in part, affirmed in part and remanded.