## CIRCUIT COURT OF FAIRFAX COUNTY

Abu-Hassan

v.

Maen Fahed Al-Nsour

### February 11, 2004

### Case No. (Chancery) 184258

BY JUDGE GAYLORD L. FINCH, JR.

This matter comes before the Court on the Defendant's Special Appearance to Contest Jurisdiction on the Grounds of Diplomatic Immunity. The Court heard oral arguments on September 2, 2003, and both parties have submitted supplemental papers. For the reasons stated below the Court finds that it has jurisdiction over the Defendant and orders him to respond to the Bill of Complaint within fourteen days from the entry of the order reflecting the ruling of this Court. Complainant is granted leave to move for pendente lite relief.

On May 23, 2003, the Complainant filed a Bill of Complaint; additionally, on May 29, 2003, she filed a Motion for Pendente Lite relief. Defendant was served by a special process server in New York on June 4, 2003. He was also served with a Praecipe and Motion for Pendente Lite relief on July 2, 2003. On July 11, 2003, the Calendar Control Judge set the matter for September 2, 2003, for adjudication of the jurisdictional issue.

Defendant first argues that he is subject to the protections of the Vienna Convention on Diplomatic Relations and Optional Protocol which was ratified by the United States Senate and signed into law by the President of the United States of America on November 24, 1972. Article 31 of the treaty reads:

A diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State. He shall also enjoy immunity from its civil and administrative jurisdiction, except in the case of:

(a) a real action relating to private immovable property situated in the territory of the receiving state, unless he holds it on behalf of the sending state for the purposes of the mission;

(b) an action relating to succession in which the diplomatic agent is involved as executor, administrator, heir, or legatee as a private person and not on behalf of the sending state;

(c) an action relating to any professional or commercial activity exercised by the diplomatic agent in the receiving State outside his official functions.

Article 31, 23 U.S.T. 3227 (1972).

Defendant contends that Article 37 provides him immunity. This argument fails for two reasons.

First the Defendant has failed to establish that the receiving state, the United States, has accepted his diplomatic status. In the United States, a person's diplomatic status is established when it is recognized by the Department of State. *See Haley v. State*, 200 Md. 72, 88 A.2d 312 (1952) (immunity denied because notice of defendant's employment as personal servant by diplomatic officer not communicated to and not accepted by the Department of State); *United States v. Kostadinov*, 734 F.2d 905 (2d Cir. 1984), certiorari denied, 469 U.S. 881, 105 S. Ct. 246 (1985).

A certification by the Department of State that an individual is or is not a diplomatic agent, communicated to a court in the United States, is binding on the Court. *In re Baiz*, 135 U.S. 403, 432, 34 L. Ed. 222, 10 S. Ct. 854, 862 (1890); *Carrera v. Carrera*, 84 U.S. App. D.C. 333, 174 F.2d 496 (D.C. Cir. 1949). Both the Complainant and the Defendant have submitted a letter from Lawrence Dunham, the Assistant Chief of Protocol of the Department of State, to Mr. James Harney, a member of Complainant's Counsel's law firm. Mr. Dunham states that, "Mr. Maen Fahed Al Nsour, born November 1, 1961, never has been notified to or accepted by the United States Government as a diplomat or consular officer, agent, or employee of an embassy, consulate, or mission to the United Nations or other international organization." Although the Defendant states in an affidavit that he possesses a diplomatic passport from the Kingdom of Jordan, he did not prove that his diplomatic status was accepted by the United States. Therefore, the Court holds that the Defendant is not entitled to diplomatic immunity as provided by the Vienna Convention.

Even if the Defendant could establish that his diplomatic status was accepted by the United States, he has failed to prove that he is a diplomat or diplomatic agent and not a member of the administrative or technical staff of the mission. Article 37 of the Vienna Convention on Diplomatic Relations provides that:

> Members of the administrative and technical staff of the mission, together with members of their families forming part of their respective households, shall if they are not nationals of or permanently resident in the receiving State, enjoy the privileges and immunities specified in Articles 29 to 35, *except that the immunity from civil and administrative jurisdiction of the receiving State specified in paragraph 1 of Article 31 shall not extend to acts performed outside of their duties.*

Article 37 of 23 U.S.T. 3227 (1972) (emphasis added).

The only evidence before the Court suggests that the Defendant might be a "regional program advisor to the United Nations." *See* Defendant's Affidavit attached to his Special Appearance. He has not established that he is a diplomat or diplomatic agent instead of a member of the administrative staff. Therefore the Defendant cannot claim immunity of civil process in a divorce proceeding.

Additionally the Defendant argues in his supplemental papers that he does not need to be recognized by the United States since he is a "diplomat accredited to the United Nations, which is an International Organization." *See* Sandground Letter to Judge Finch, Sept. 25, 2003. Assuming that the Defendant is an accredited diplomat from the Kingdom of Jordan to the United Nations, he would not be entitled to diplomatic immunity to this divorce proceeding. The International Organizations Immunities Act, 22 U.S.C. § 288d(b), states:

> Representatives of foreign governments in or to international organizations and officers and employees of such organizations shall be immune from suit and legal process relating to acts performed by them in their official capacity and falling within their functions as such representatives, officers, or employees except insofar as such immunity may be waived by the foreign government or international organization concerned.

22 U.S.C. § 288d(b).

The Defendant would only be entitled to immunity for acts performed by him within his official capacity. This divorce proceeding is not considered to arise from his alleged official capacity as a diplomat, therefore, his Motion to Contest Jurisdiction is denied.